McDonald *v.* Wilmut Gas & Oil Co.

(Division B.   Oct. 18, 1937.)

[176 So. 395.   No. 32837.]

**Currie & Currie,** of Hattiesburg, and **W. W. Dent,** of Collins, for appellant.

John R. Tally, of Hattiesburg, for appellee.

354

John R. Tally, of Hattiesburg, and **Green, Green & Jackson**, of Jackson, for appellee.

Argued orally by **W. W. Dent, for** appellant, and by **John R. Tally** and **Garner Green,** for appellee.

**Griffith, J.**, delivered the opinion of the court.

On July 31, 1931, the Public Service Corporation of Mississippi obtained, by deed, from the then owner of the land here in question, a right of way 16 feet in width entirely across said land, the right of way being for a gas pipe line, with a stipulation in the deed that the purchaser of the right of way "shall bury the pipe lines below plow depth so that it will not interfere with the cultivation of the soil," and with the further stipulation that "the grantor reserves the use and enjoyment of said premises except for the purposes herein conveyed to purchaser."

Soon thereafter, in the same year, the Service Corporation laid its pipe line across the property; but some short distance beyond the cultivatable land the pipe line entered a low morass, wherein the ground was so soft and boggy as to be incapable of bearing the weight of a person or animal on foot. In this swampy area the Service Corporation did not cover the ditch in which the pipe was laid, but left it open, the ditch being deep in water both summer and winter, but particularly in winter. The pipe line ditch in this morass or swamp was in the condition described when appellees subsequently, that is to say, in 1934, acquired all the property and property rights of the Service Corporation, and remained in that condition until the day of the injury hereinafter to be mentioned.

Previously to the months of January and February, 1936, appellant had obtained from the tenant, then in full possession of said land as the lessee of the owner, an oral grant of the right or permission to pasture his ox within the inclosure surrounding the land, this grant or permission being in consideration of the aid rendered by appellant in constructing and repairing the fence. Others in the neighborhood had so aided, had obtained like permission to pasture their cattle within the inclosure, and had availed of the permission, there being sometimes as many as seventy-five head of such cattle.

During the month of January or February, 1936, appellant's ox wandered along this uncovered pipe line ditch in the swamp, and fell into it and was drowned. Appellant testified with frankness and candor that he knew of the exact condition of the pipe line ditch in the swamp; that he had seen it when the pipe line was there laid; and had been fully aware at all times since of the open pipe line ditch at and along the place of the injury.

From the foregoing statement of the material facts, it is at once apparent that we have here no case of a hidden danger or of an obscure trap or snare not easily observable, and not observed, by a person who has no reason to suspect such a danger; no case which concerns premises upon which dangerous machinery is in operation; no case of a commercial building, or any like case, as to which see, generally, Daniel v. Jackson Infirmary, 173 Miss. 832, 838, 163 So. 447. Nor have we a case which involves the rights of an invitee, for the facts here do not present that precise subject. We deal solely with the broad acres of a remote pasture and with a danger which was neither hidden nor obscure, but, on the contrary, was actually known to the complaining party.

We will assume for the purposes of this case that the tenant in full possession of the land was empowered to sublet it, or any part thereof, or to grant the use of it at seasonable periods for pasturage, including the pipe

line right of way, and this without the consent of the owner of the right of way. We will further assume, none of said assumptions, however, to be treated as decision, that the tenant in full possession may be regarded as the agent of appellee in granting said use to said appellant as concerns the area within the right of way—all of these assumptions placing the case in the most favorable light in ·which it could be viewed in behalf of appellant. From the facts directly proved, together with the stated assumptions, it follows that we must consider the case as involving only three possible legal relationships: (a) Whether appellant was a subtenant; (b) whether he was a gratuitous licensee; and (c) whether he was a licensee for a valuable consideration—together with the rights or want of rights which follow from those relationships, when the party injured has had full knowledge of the danger about which he complains.

a. It is not contended that appellant occupied the relationship of tenant upon the premises in question, but, if so, the rule is that a tenant takes the premises whether of houses or land· as he finds them, and that, in the absence of concealment or fraud on the part of the lessor as to some defect or danger in the premises known to him and unknown to the tenant, the rule of caveat emptor applies and the tenant takes the premises in whatever condition they may be when so taken. Rich v. Swalm, 161 Miss. 505, 516, 137 So. 325.

b. If the appellant was a gratuitous licensee, the liability of the licensor who has permitted the appellant to enter upon the land for the purposes of pasturage is not based upon a duty to maintain the inclosed acreage in a safe condition, but is based upon the duty of the licensor to disclose to the licensee the risk which he will encounter if he accept the permission granted. Compare paragraph (d), page 935, section 342, Restatement of the Law of Torts. Hence, if the licensee already know of

the condition of the land and of the particular danger of which he complains, he has had all that he is entitled to expect, which is to say, an opportunity for an intelligent choice as to whether the advantage to be gained by coming on the land is sufficient to justify him in incurring the risk incident thereto. Compare also Id., par. (a), page 930, section 341, and 45 C. J., pp. 798 and 801, section 203; 20 R. C. L., pp. 57-61; from which it follows that, when the licensee has full knowledge of the danger, as is the case here, and nevertheless accepts the license, he assumes the risk and can blame only himself.

c. If the appellant may be designated as a licensee for a valuable consideration, the most that could be said of his rights would be that his position was somewhere between that of a tenant and that of a gratuitous licensee; but this still would not aid him, for his rights could not be higher than that of a tenant nor lower than that of a gratuitous licensee, with the result that, since he had actual knowledge of the risk and dangers of which he complains, yet chose to take the risk, he cannot maintain an action for an injury resulting from such a danger. The common-law doctrine of assumption of risk is in full force in this state, except as between master and servant. Section 513, Code 1930.

We cannot feel otherwise than a natural sympathy with this humble old negro in the loss of his property, but we are without legitimate authority to bend the law of the land to cover his misfortune. The trial judge was correct in granting the peremptory charge.

Affirmed.