BRADY, Justice:
This is an appeal from a judgment for the appellee in the sum of $20,000 obtained in the Circuit Court of the Second Judicial District of Jasper County, Mississippi, for injuries sustained on October 22, 1964, while engaged with appellant, Jerry Evon Smith, in the construction of a chicken house for appellant, Odis B. Jones.
The essential facts for determination of the issues are as follows. On October 22, 1964, the appellant, Jerry Evon Smith, and his employee, Obie Jones, were engaged in the construction of chicken houses for the appellant, Odis B. Jones, on his farm located in Jasper County, Mississippi. It is undisputed that the appellant, Odis B. Jones, furnished the lumber and materials necessary for the construction of the chicken houses and, likewise, permitted Smith and his employee, the appellee Obie Jones, to use his flatbed truck for the boring of post holes and as a scaffold or ladder upon which to stand to facilitate the construction of the chicken houses. It is undisputed that had Jerry Evon Smith refused the use of said truck for said purposes the cost of construction of the chicken houses would have been increased. The record conclusively shows that Odis B. Jones exercised absolutely no control over the manner or details of the work or over the actions of the appellee, Obie Jones, and his two fellow servants. Appellant, Odis B. Jones, was not even present on the date of the injury, and the record discloses that there were other days on which he was not even at home while the work was going forward. It is unquestioned that all that was required or done by appellant, Odis B. Jones, was to pay the contract price to appellant, Jerry Evon Smith, upon completion of the chicken houses.
At approximately 9:00 A.M. of the second day on which appellee Jones had worked for Smith he was instructed by Smith to proceed to the rear of the truck, which was being backed up by Smith. Appellee was instructed to signal appellant Smith when the truck had backed near enough to the frame or within one or two feet of the chicken house so that both parties could stand on the platform or bed of the truck *831 and work on the construction of the house. The proof is conclusive that the appellee, Obie Jones, went to the rear of the truck and stood between the truck and the building and watched the appellant Smith back the truck at a rate something less than five miles per hour into him, causing injuries to the spleen and pancreas, requiring removal of the spleen and a portion of the pancreas.
Appellee testified on cross-examination that he knew the truck was being backed toward him and so saw it. He testified further that he made no effort to move to one side or the other or to stoop below the bed of the truck, as the record discloses he could have done and avoided injury, but, strange as it may appear, he stood directly in the path of the backing truck and allowed himself to be pinned between the truck and the side of the building. Appellee testified that appellant Smith had directed him to hold a door, which allegation appellant Smith denied, but appellee Jones admits that he was holding the door, which was slightly behind him, with his left hand and he was watching the truck as it backed toward him. Appellant Smith testified that he told appellee to flag him or to holler when the back of the truck was one to two feet from the side of the building and that the appellee failed to do so. Appellant Smith further testified that he was looking out the rear window of the truck, which had the sides or slats up, but that he could see appellee, but was unable to tell how far the rear end of the bed of the truck was from the side of the building.
The appellee was given emergency treatment at the Jasper County Hospital and was hospitalized in the University Hospital for twelve days, undergoing an operation which removed his spleen and approximately fifty percent of his pancreas. Appellant Smith followed the appellee, who was being transported to Jackson in an ambulance; he paid appellee’s admission charges to the hospital and visited appellee in the hospital subsequent to the operation. Appellee incurred a bill of $337 for twenty-three pints of blood. He incurred a bill of $900 for drugs. His doctor bills amounted to $171 and the ambulance service amounted to $48.50. Appellee was unable to work for a period of six months. He made, prior to his injuries, $40 per week, and subsequent to his injuries is now making $40 per week. Formerly he attended chickens, feeding them, cleaning the houses, et cetera. He now is unable, because of back pains, to clean the houses, but nevertheless earns $40 per week in his employment.
Apparently the evidence upon which the court permitted this case to go to the jury is the testimony of the appellee, Obie Jones, who testified that Evon Smith instructed him to hold the door, that Smith gave him no instructions about hollering out to him when the truck got close to the door, that he did holler to Smith to stop the truck, but that Smith did not stop it. It should be noted that on cross-examination appellee testified that the truck bed was about the heighth of the middle part of his abdomen, that he saw the truck approaching at all times, that he did not move to one side or the other, and that he did not have time to drop down so that the bed of the truck could pass over him. It is apparent that appellee did not have time to drop down or step to one side when he realized that appellant Smith was going to back into him in spite of his warning.
It was the contention of appellee that the fact that appellant Smith saw him standing at the rear of the truck in a place of danger and continued to back the truck until it hit him constituted negligence on the part of Smith. Appellant Smith, however, contends that even though a man is the servant of another, he is still responsible for his safety when he sees the apparent and obvious danger, and has ample time in which to avoid an accident and resultant injury and, therefore, is responsible for his accident and injury. These factual differences the jury resolved in favor of the appellee.
Appellant Odis B. Jones, the owner of the chicken houses, asserts in defense that there *832 was no relationship between the two appellants which could impute the alleged negligence of appellant Smith to' him.
The jury returned a verdict of $20,000 and. judgment was entered therefor. Motions for peremptory instructions were made prior to the jury verdict and also motions for judgment non obstante ver-edicto together with motions for new trials were made by appellants, which were overruled.
Because a careful review of the record conclusively shows that no acts of negligence were committed by appellant, Odis B. Jones, the appellee’s contention that Odis B. Jones was guilty of negligence must necessarily be based on his relationship with appellant Smith. Appellee Jones urges that appellant Smith was an agent or servant of appellant Odis B. Jones. The proof reveals that appellant Odis B. Jones merely furnished material and the truck which was used in the construction of the chicken houses; however, it is undisputed that appellant Odis B. Jones contracted for a completed job and that appellant Jones exercised absolutely no control over the details of the work or the acts of Smith or Smith’s three laborers. While the ownership of the truck is a factor to be considered in establishing the relationship between appellant Smith and appellant Odis B. Jones, we find that all of the facts, when considered together, conclusively show that appellant Smith, who contracted for a completed job and who alone controlled all of the details of the work, was an independent contractor, and not the servant of appellant Odis B. Jones. Kisner v. Jackson, 159 Miss. 424, 132 So. 90 (1931). Likewise, the record does not contain even a scintilla of proof essential to establish a relationship of agency. There is no basis upon which it may be held that the acts of negligence of appellant Smith may be imputed to appellant Odis B. Jones. We hold that appellant Odis B. Jones was, therefore, entitled to a peremptory instruction. Having resolved that the appellant Odis B. Jones was entitled to a peremptory instruction, there is no need to consider any other error assigned by him.
Appellant Smith assigns three errors. The first is that the trial court erred in refusing to grant appellant Smith’s motion for a peremptory instruction and motion for a directed verdict and in overruling appellant’s motion for a judgment non obstante veredicto. There is no merit in this error for the reason that issues of fact for determination by a jury only were presented by the appellee’s evidence. There was ample proof in the record from which the jury could determine that appellant Smith was negligent and that his negligence was a proximate cause of appellee’s injuries.
The second error assigned by appellant Smith relates to the granting of the following instruction to appellee:
The Court instructs the jury for the plaintiff that if you believe from a preponderance of the evidence that the defendant Evon Smith saw the plaintiff standing against the door or wall of the chicken house and failed to stop the truck, and continued to back the truck into the plaintiff, thereby causing the plaintiff to be pinned against the wall of the chicken house resulting in bodily injuries to the plaintiff, then it is your sworn duty to find for the plaintiff.
While this instrument could have been worded more clearly, we find that this instruction, along with all the other instructions granted in the case, thoroughly and properly instructs the jury as to the law based upon the facts in evidence.
The third error assigned is that the trial court erred in refusing appellant Smith’s instruction which is as follows:
The Court instructs the Jury for the defendant Smith that if you find from the evidence that the plaintiff voluntarily and knowingly placed himself in a position or submitted himself to a condition, *833 at the time and place mentioned in his Declaration, appreciating that injury to himself on account thereof was likely to occur at any time so long as he remained in such position or condition and continued to know and appreciate the possibility of his being injured by remaining there, then, and in case you so find, the plaintiff assumed the risk of injury, and he may not recover from either defendant herein.
This instruction was properly refused because the doctrine of assumption of the risk is not in force as between a master and servant, as appellant Smith and appel-lee Jones clearly were in this case. Miss. Code 1942 Ann. § 1456 (1956); Saxton v. Rose, 201 Miss. 814, 29 So.2d 646 (1947); McDonald v. Wilmut Gas & Oil Co., 180 Miss. 350, 176 So. 395 (1937).
Affirmed as to appellant Jerry Evon Smith; reversed and judgment entered here for appellant Odis B. Jones.
ETHRIDGE, C. J., and RODGERS, JONES and SMITH, JJ., concur.