394 So.2d 905 (1981)
Frank W. LOFLIN, d/b/a Loflin Enterprises
v.
Tetta THORNTON.
No. 52395.
Supreme Court of Mississippi.
March 4, 1981.
Rehearing Denied March 18, 1981.
John H. Downey, Wells, Downey & Wicker, Jackson, for appellant.
Paul D. Snow, III, Jackson, for appellee.
Before SMITH, P.J., and LEE and HAWKINS, JJ.
LEE, Justice, for the Court:
Tetta Thornton obtained a verdict in the Circuit Court of the First Judicial District of Hinds County, Honorable Charles T. Barber, presiding, in the sum of fifteen thousand dollars ($15,000). The lower court ordered a remittitur in the sum of seventy-five hundred dollars ($7,500), or new trial on damages only. Thornton accepted the remittitur, final judgment was entered in her favor for seventy-five hundred dollars ($7,500), and Loflin has appealed here. We hold that Loflin was entitled to a peremptory instruction and reverse.
The declaration charged that on February 17, 1978, appellee lived at 1363 Cadillac Drive, Jackson, in a house she rented from appellant. That night, she heard a noise outside the house, went to investigate and several bricks at the lower part of the house suddenly fell, striking her left leg and causing serious injuries. It was charged further that appellant was under the duty to keep the house in a reasonably safe condition, *906 that he breached that duty, injuring appellee as a proximate result thereof.
The evidence reflects that appellee had rented and occupied the house for nineteen (19) years. Mr. George Gilmore owned the property from February, 1966 until October 26, 1977, when appellant purchased same from him. Gilmore built a brick curtain wall approximately twenty-four (24) inches high around the house in order to protect the space underneath the house from wind and to keep animals out from under it. During the time that appellee lived there, she passed the curtain wall daily and had not seen anything hidden or unknown about its condition. She did testify, however, that she knew at all times the wall was dangerous. Appellant testified that, other than a routine request for plumbing work, he had never received any repair request from appellee until after the accident occurred, and had no knowledge of any defective condition of the curtain wall. Appellee stated in a deposition that she had not informed appellant about the condition of the wall. On trial, appellee testified that she had told him about the condition of the wall, and described her inconsistent deposition statement as resulting from forgetfulness and confusion.
During the trial, appellee attempted to establish a repair contract between appellant and herself. Appellee testified that she had informed appellant of the dangerous condition of the curtain wall, and he had agreed to repair same. Nothing in the declaration charged a repair agreement by appellant.
Issues are framed and presented by the pleadings. This Court is bound by those issues raised in the pleadings and the proof in the record which supports them. In Southern Pine Electric Power Assn. v. Denson, 214 Miss. 397, 57 So.2d 859 (1952), Mr. Justice Percy M. Lee, aptly said:
"Lawsuits must have issues. Those issues must be made by the pleadings. Proof must conform to the issues made by such pleadings. Otherwise, lawyers trying a case, will be like mariners, without any form of compass, sailing an uncharted sea." 214 Miss. at 416, 57 So.2d at 865.
We now consider the charge of the declaration, the proof, and the law relating to them. In the old case of Jones v. Millsaps, 71 Miss. 10, 14 So. 440 (1893), the Court said:
"The intending tenant must use his own faculties, and judge for himself if the premises he desires to lease are in repair, and are suitable for his use. If he wishes to protect himself against the hazards of subsequently accruing accidents or defects requiring repairs, he must do so by proper covenants in his contract of lease. He takes his leased premises for better or for worse, as an ancient authority aptly characterizes his taking. He takes the premises as he finds them, and he must return them as nearly as possible, in like condition... . The duty of the tenant to examine the premises, and protect himself by proper stipulations in his contract of lease if danger is suggested by his examination, is the same in case of the leasing of a whole or of a part, only." 71 Miss. at 18, 14 So. at 441.
Later decisions of the Court have made the position of a tenant somewhat less vulnerable than that stated above. A landlord is now liable for injuries incurred as a result of dangers, which usually are latent, which he knows about and conceals, or, being aware of same, does not inform the tenant. Where the tenant knows of the defect or danger on the premises, no duty arises to the landlord with respect thereto. Hiller v. Wiley, Miss., 5 So.2d 489 (1942); McDonald v. Wilmut Gas & Oil Co., 180 Miss. 350, 176 So. 395 (1937); Rich v. Swalm, 161 Miss. 505, 137 So. 325 (1931).
In the absence of an express agreement between the landlord and tenant to make repairs, there is no obligation or duty upon the landlord to do so, and only where there is an agreement for specific repairs will a breach of that agreement impose liability for personal injury. Floyd v. Lusk, 190 So.2d 451 (Miss. 1966); Waldon v. Lehmann, 224 Miss. 600, 80 So.2d 796 (1956); Ford v. Pythian Bond Holders Protective *907 Comm., 223 Miss. 630, 78 So.2d 743 (1955); Hodges v. Hilton, 173 Miss. 343, 161 So. 686 (1935).
The proof, without contradiction, shows the following:
(1) The record is absent any showing that appellant concealed the danger from appellee.
(2) Appellee admitted she knew the wall was dangerous.
(3) Any evidence of a contract to repair the wall was improperly admitted (or was properly excluded) since such theory was outside the scope of the pleadings.
(4) Appellee's pleadings do not form the legal basis for any recovery.
In determining whether or not a peremptory instruction should be granted, the trial judge must consider the evidence on behalf of the party against whom the peremptory instruction is requested, along with all reasonable inferences, in the light most favorable to said party, disregard any evidence of the other party in conflict therewith, and, if the evidence and reasonable inferences to be drawn therefrom would support a verdict for such party, the request for peremptory instruction should be denied. Gates Rubber Co. v. Duke, 367 So.2d 910 (Miss. 1979); Georgia-Pacific Corp. v. Blakeney, 353 So.2d 769 (Miss. 1978); Paymaster Oil Mill Co. v. Mitchell, 319 So.2d 652 (Miss. 1975).
In the case sub judice, the declaration and evidence in support thereof did not state or make out a case of liability against appellant. The judgment of the lower court is reversed and judgment is entered here in favor of the appellant.
REVERSED AND RENDERED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and HAWKINS, JJ., concur.