**Eurora Morrison YOUNG and James Nelson YOUNG, Plaintiffs,**

v.

**TENNESSEE RIVER PULP and PAPER COMPANY, Defendant.**

No. WC 86–11–LS–D.

United States District Court, N.D. Mississippi, W.D.

Aug. 6, 1986.

John Booth Farese, Farese, Farese & Farese, P.A., Ashland, Miss., for plaintiffs.

Lester F. Sumners, Sumners, Carter, Trout & McMillin, New Albany, Miss., for defendant.

## MEMORANDUM OPINION

SENTER, Chief Judge.

The wife and son of the decedent brought this diversity action for damages for the death of their husband and father, which was the result of a car-truck collision. Plaintiffs claim negligence by defendant. Defendant denies liability on the grounds that the truck which was involved in the collision was owned by, and the driver thereof was an employee of, an independent contractor. On that basis, defendant has moved for summary judgment in its favor.[1]

## I. FACTS.

Defendant Tennessee River Pulp and Paper Company (Tennessee River) is engaged in, among other things, timber planting, timber buying, and timber harvesting. It entered into a contract with Mauney Brothers, a partnership, pursuant to which the Mauneys would harvest pulp wood on a particular tract of land and transport it to defendant's woodyard in Counce, Tennessee. On or about February 25, 1985, a log truck owned by Mauney Brothers and operated by one of its employees experienced mechanical difficulties while traveling on a state highway. The truck came to a halt, partially blocking both lanes of traffic. The car in which Bodine Young, plaintiffs'

---

1. Counsel for plaintiff has suggested that a hearing might be helpful to the court to understand the facts of this "particularly complex" case. Local Rule 8(f) provides, however, that all motions shall be decided by the court without a hearing or oral argument unless otherwise ordered by the court on its own motion or, in its discretion, upon written request made by counsel. The court is of the opinion that a hearing or oral argument is unnecessary in the action *sub judice.* Accordingly, plaintiffs' request for hearing should be denied. *See Hare v. Federal Compress and Warehouse Co.,* 359 F.Supp. 214, 214 (N.D.Miss.1973) (in action to determine liability of employer of independent contractor, court decided motions for summary judgment on briefs without oral argument).

decedent, was traveling collided with the stopped log truck, and Young sustained injuries. He subsequently died.

The heirs of decedent Young and the insurer of Mauney Brothers reached a settlement agreement. The heirs were paid a sum of money by the insurer in exchange for a release in favor of Mauney Brothers. Consequently, Mauney Brothers, a partnership, and Paul Mauney and Fagin Mauney, individually, are not defendants in this lawsuit.

Plaintiffs brought this action solely against Tennessee River alleging that it was negligent in failing to determine whether or not Mauney Brothers was qualified to contract with defendant and whether or not it had complied with the regulations governing the hauling of goods in interstate commerce. Defendant has moved for summary judgment claiming that there is no genuine issue of material fact. It contends that Mauney Brothers was an independent contractor at the time of the accident and was not an employee or servant of defendant. Such a relationship, defendant argues, imposes no duty on the part of defendant to supervise Mauney Brothers' compliance with the Interstate Commerce Commission's regulations. Finally, defendant states that, in any event, Mauney Brothers was exempt from such regulation.

In support of its motion, defendant has submitted the affidavits of Fagin Mauney and John Mitchell, a district supervisor of defendant. In his affidavit, Mitchell states that defendant does not own any timber harvesting equipment or log trucks and does not have any employees hired for that purpose. Instead, defendant contracts with others to do the harvesting and haul-

ing of wood, and the other party is free to accept or reject the contract. According to Mitchell, no agent or representative of Tennessee River supervises or directs the contractor's work, except to be sure that all the timber is cut and that no fences, bridges, roadways, or waterways are damaged. The contractor furnishes all equipment at his own expense, and none is leased or loaned from the company. The contractor also furnishes all of his own crew, none of whom are hired, paid, or fired by Tennessee River. Mitchell further states that Tennessee River does not care how the lumber gets harvested and transported, as long as the contract is performed.

Fagin Mauney states in his affidavit that Mauney Brothers owns all of the equipment that it uses in its timber harvesting and transporting business, with the exception that it occasionally hires other truck owners to help with the transporting. Mauney Brothers is free to accept or reject any offer to harvest and transport timber. Fagin and Paul Mauney decide which equipment they will buy or sell and when they should hire additional haulers. They hire and fire their own employees and keep their own payroll and business records. Mauney Brothers does not borrow money or equipment from Tennessee River, and no one from Tennessee River tells Mauney Brothers the number of hours or days to work, how the work should be done, or who should do it. After a contract is negotiated, Paul and Fagin Mauney are in sole charge of the work.

In response, plaintiffs have submitted the deposition of John Mitchell and the sworn statements of Fagin and Paul Mauney.[2] In his statement, Fagin Mauney ad-

---

**2.** Counsel for plaintiffs has also submitted to the court his own affidavit in which he states the facts of the accident in question, the terms of the contract entered into between defendant and Mauney Brothers, and his "professional legal opinion" that a factual issue exists and that summary judgment should be denied. Defendant has moved to strike this affidavit on the grounds that paragraphs 2 and 3 are not within the personal knowledge of the affiant and that paragraphs 4 and 5 state only conclusions of

law by counsel for plaintiffs, all four paragraphs being inadmissible in evidence. Counsel for plaintiffs responded that the affidavit should be considered by the court because it is being made in opposition to a motion for summary judgment rather than in support of such a motion.

Fed.R.Civ.P. 56(e) requires that supporting *and* opposing affidavits be made on personal knowledge and that they set forth such facts as would

mitted that John Mitchell, district supervisor for Tennessee River, told the Mauneys the length to cut the logs, the property on which it was to be cut, and the site of delivery. Mitchell also stated in his deposition that it was his responsibility to see that the terms and conditions of the contract were carried out by the Mauneys. Deposition of John Mitchell, pp. 30–31. This responsibility, plaintiffs argue, is the test for determining if a business relationship is one of master-servant or independent contractor. Finally, the contract under which the Mauneys were operating at the time of the accident required general liability insurance and workers' compensation insurance to be purchased. Plaintiffs contend that requiring the purchase of insurance is a factor to be considered by the trier of fact in determining if a particular transaction is one involving master and servant or an independent contractor. This issue of material facts, plaintiffs argue, precludes summary judgment.

## II. CONCLUSIONS OF LAW.

The Supreme Court of the United States recently reviewed in two decisions the standard for granting of summary judgment. Under Fed.R.Civ.P. 56(c), summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Celotex Corp. v. Catrett*, ——— U.S. ———, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). The requirement is that there be no *genuine* issue of *material* fact. As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the

outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, summary judgment will not lie if the dispute about a material fact is "genuine," that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The inquiry this court must perform is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they can reasonably be resolved in favor of either party. *Id.* at 2511–12. It is in this context that we consider this defendant's motion for summary judgment.

The facts of the action *sub judice* are remarkably similar to facts in *Leaf River Forest Prod., Inc. v. Harrison*, 392 So.2d 1138 (Miss.1981), a case cited by neither party in the briefs submitted to the court. Plaintiff in that case was injured when the automobile which he was driving collided with a log truck which had negligently blocked the highway. The truck was owned, and the logging operation was run, by McDonald. His insurance carrier paid its policy limits to plaintiff, who thereafter brought suit against Leaf River Forest Products, Inc., which operated a sawmill in the area. McDonald had been hired by Leaf River to harvest timber and transport it to the sawmill owned and operated by Leaf River. The issue presented to the Supreme Court of Mississippi was whether McDonald was the employee-servant of Leaf River at the time of the accident, thereby making Leaf River vicariously liable for the negligent acts of McDonald's driver. *Id.* at 1139. The court determined

---

be admissible in evidence. The court is of the opinion that paragraph 2 of the affidavit of counsel for plaintiffs should be stricken because the affiant has no personal knowledge of the facts alleged therein. Paragraph 3 of the affidavit should be stricken for the same reason and, additionally, pursuant to Fed.R. Evidence 1007 (contents of writings may be proved by the testimony or deposition of the party against whom offered or by his written admission, with-

out accounting for nonproduction of the original). Paragraphs 4 and 5 of the affidavit should be stricken because they allege only the legal opinion of counsel for plaintiffs, not facts. Accordingly, defendant's motion to strike affidavit should be sustained. *See Howard v. City of Greenwood*, 783 F.2d 1311, 1315 (5th Cir.1986) (affirming grant of summary judgment on basis that affidavit in opposition to motion was inadmissible).

that the case should not have been submitted to the jury under the particular facts of that case. *Id.* at 1143.

The contract in *Leaf River* designated McDonald as an independent contractor not subject to Leaf River's control. According to the contract, hiring, firing, paying, and controlling of McDonald's employees were vested in McDonald. It further provided that McDonald would carry his own insurance: workers' compensation and public liability. These facts are also present in the action now before this court.

Timber to be felled by McDonald in *Leaf River* was marked by Leaf River's forester who periodically inspected to see if the proper timber was being cut at prescribed heights. If trees were missed, the forester would tie ribbons around them and ask McDonald to return and cut them. If the forester complained about trees being cut too high or too low, McDonald would adjust his cutting accordingly. The forester never supervised the details of how the loggers did the actual timber cutting, however. This level of supervision and control is present in the action *sub judice.*

The supreme court in *Leaf River* reaffirmed the factors delineated in *Kisner v. Jackson,* 132 So. 90 (Miss.1931), to determine whether one is an independent contractor or an employee:

> There are several tests to be applied, the weight of each, and whether much or little, rising and falling in the scale as it may or may not be counterbalanced by one or more of the remaining tests, present in the particular case in hand. For this reason these tests cannot be stated in any precise order of importance, but they are as follows: Whether the principal master has the power to terminate the contract at will; whether he has the power to fix the price in payment for the work, or vitally controls the manner and time of payment; whether he furnishes the means and appliances for the work; whether he has control of the premises; whether he furnishes the materials upon which the work is done and receives the output thereof, the con-

tractor dealing with no other person in respect to the output; whether he has the right to prescribe and furnish the details of the kind and character of work to be done; whether he has the right to supervise and inspect the work during the course of the employment; whether he has the right to direct the details of the manner in which the work is to be done; whether he has the right to employ and discharge the subemployees and to fix their compensation; and whether he is obliged to pay the wages of said employees.

*Kisner,* 132 So. at 91; *see also Cobb v. Vicksburg Hardwood Co.,* 218 Miss. 829, 68 So.2d 98, 98–99 (1953). Those factors have been adhered to in subsequent decisions by the court. *See, e.g., Shell Petroleum Corp. v. Linham,* 163 So. 839, 839 (Miss.1935); *Gulf Refining Co. v. Nations,* 167 Miss. 315, 145 So. 327, 331–32 (1933).

The facts which the Mississippi Supreme Court deemed significant enough to justify taking the case away from the jury in *Leaf River* are also present in the action now before this court: (1) Tennessee River never supervises Mauney Brothers or the employees of Mauney Brothers, although there are inspections; (2) Mauney Brothers exclusively uses its own equipment; (3) payment from Tennessee River to Mauney Brothers is computed on the basis of volume unit or production; deposition of John Mitchell, pp. 16, 17 (contract was for tonnage of timber delivered); (4) Mauney Brothers pays its own workmen; (5) Mauney Brothers regulates the time of its workers; affidavit of Fagin Mauney, p. 2; (6) Mauney Brothers finances its own operation; *Id.;* and (7) Mauney Brothers, not Tennessee River, controlled the physical management of the equipment used and controlled the physical conduct of the workers; affidavit of John Mitchell; affidavit of Fagin Mauney; deposition of John Mitchell, p. 31.

As noted, the contract between the parties herein expressly recognized that Mauney Brothers was an independent contractor. The partnership agreed to furnish at

its own expense a place of business, if needed, and all machinery, tools, labor, and equipment used by it. It reserved the exclusive right in the management and operation of the business, and Tennessee River was left with no right to supervise any employee of Mauney Brothers, to control the aggregate number of hours the men worked, or to schedule the hours worked. Although the language in the contract is a relevant consideration on the issue of the legal relationship between Tennessee River and Mauney Brothers, *Leaf River*, 392 So.2d at 1141, the true test incorporates a consideration of all the facts and the economic realities. *Mississippi Employment Sec. Comm'n. v. Heidelberg Hotel Co.*, 51 So.2d 47, 51 (Miss.1951); *First Nat'l. Bank of Oxford v. Mississippi Unemployment Comp. Comm'n.*, 23 So.2d 534, 535–36 (Miss.1945).

■ The facts and economic realities indicate that Mauney Brothers was an independent contractor and not a servant or employee of Tennessee River at the time of the accident at issue. The affidavits submitted by defendant show that no agent or representative of Tennessee River supervised or directed the work of Mauney Brothers, except to the end result. *See Louis Werner Sawmill Co. v. Northcutt*, 161 Miss. 441, 134 So. 156, 157–58 (1931); *Crosby Lumber & Mfg. Co. v. Durham*, 181 Miss. 559, 179 So. 285, 286–87 (1938); *Levine v. Standard Oil Co., Inc.*, 249 Miss. 651, 163 So.2d 750, 751–52 (1964). Mauney Brothers furnished and maintained all equipment at its own expense and leased none from Tennessee River. It furnished all of its crew, none of whom were hired, paid, or fired by Tennessee River. It was immaterial to Tennessee River how or when the timber was cut as long as the contract was performed. The uncontradicted evidence now before the court indicates that this issue should not be submitted to a jury. *See Leaf River*, 392 So.2d at 1143. Mauney Brothers was an independent contractor at the time of the accident which resulted in the injuries to plaintiffs' decedent. *See Sears, Roebuck & Co. v. Creek-*

*more*, 199 Miss. 48, 23 So.2d 250, 251 (1945).

Plaintiffs argue that the contract's requirement that Mauney Brothers secure general public liability insurance and workers' compensation insurance is an attempt by Tennessee River to direct the operation of the work performed by Mauney Brothers. It is undisputed, however, that Tennessee River does not provide any insurance for Mauney Brothers. Mitchell deposition, pp. 19, 23. Tennessee River simply informs the loggers of insurance that is available and may provide them with forms if the loggers decide to purchase a particular type of insurance from a particular insurance carrier. The loggers, including Mauney Brothers, are free, however, to purchase such insurance coverage wherever they desire and with the agency or company of their choosing. As a service to the Mauneys, however, Tennessee River may, at the Mauneys' request, withhold from payment to them an amount designated by them. Mauney Brothers asked Tennessee River to deduct from each payment an amount to be sent to its insurance carrier as the premium due. This was done solely as a service and convenience to the loggers, and all such deductions made by defendant were optional. Mitchell deposition, p. 19. Mauney Brothers obtained workers' compensation and general contractor's liability insurance coverage through an agency by the name of Hood, Morris, Temple & Cline, which operates from DeRidder, Louisiana, although the Mauneys had not been furnished a copy of the policy at the time the accident occurred. The only insurance coverage on the truck at the time was by Southern Farm Bureau.

■ Under Mississippi law, one who employs an independent contractor is not liable for any damages resulting from the negligence of the employees of the independent contractor. *Hare v. Federal Warehouse and Compress Co.*, 359 F.Supp. 214, 216 (N.D.Miss.1973). No vicarious liability for acts of an independent contractor exists in Mississippi. *Ramsey v. Georgia-Pacific Corp.*, 597 F.2d 890, 892–93 (5th Cir.1979)

(applying Mississippi law), *on remand,* 511 F.Supp. 393, 401 (S.D.Miss.1981), *aff'd without opinion,* 671 F.2d 1376 (5th Cir. 1982); *Mississippi Power Co. v. Brooks,* 309 So.2d 863, 866 (Miss.1975); *Ingalls Shipbuilding Corp. v. McDougald,* 228 So.2d 365, 367 (Miss.1969); *Smith v. Jones,* 220 So.2d 829, 832 (Miss.1969); *Carr v. Crabtree,* 212 Miss. 656, 55 So.2d 408, 413–14 (1951).

Finally, plaintiffs contend that Tennessee River was negligent in its failure to ensure that Mauney Brothers, an independent contractor, complied with various regulations of the Interstate Commerce Commission and the Mississippi Public Service Commission.

Section 203(b)(6) of the Interstate Commerce Act, 49 U.S.C. § 303(b)(6), as amended by the Transportation Act of 1958, provides an exemption for motor vehicles used in carrying, *inter alia,* unmanufactured agricultural commodities. The regulations state that timber (rough logs or bolts) cut in random lengths, with bark removed, and trees cut to length, peeled, or split are exempt from the Act. *See* 49 C.F.R. § 1047.25. However, in any case, the court is of the opinion that plaintiffs' argument is specious. Defendant cannot be held liable for its alleged failure to ensure that Mauney Brothers, an independent contractor, complied with their regulations. Accordingly, Tennessee River is not liable for any alleged injuries or damage which resulted from the accident at issue because of the alleged negligence of Mauney Brothers.[3]

An order in conformance with this opinion shall issue.

## ORDER

In conformance with an opinion this day rendered, IT IS ORDERED:

That plaintiffs' request for a hearing on the motion for summary judgment be and hereby is denied;

That defendant's motion to strike affidavit of counsel for plaintiffs be and hereby is granted;

That defendant's motion for summary judgment be and hereby is granted.

That this action be and hereby is dismissed with prejudice.

---

**3.** Because the court has based its conclusion on the fact that Mauney Brothers is not an employee-servant of Tennessee River, the court finds it unnecessary to address the other defenses asserted by defendant.