Michael R. McKEE, Plaintiff,

v.

Leroy BRIMMER and Jessie Doubleday d/b/a Doubleday Logging, and Reid Pulpwood, Inc., Defendants.

Civ. A. No. 2:91CV176–D–O.

United States District Court,
N.D. Mississippi,
Delta Division.

June 2, 1994.

---

T. Mack Brabham, Brabham & Bean, McComb, MS, Gregory Kitterman, Little Rock, AR, H. Lee Morrison, Jr., West Point, MS, for plaintiff.

Ronald Henry Pierce, Mitchell, McNutt, Threadgill, Smith & Sams, Oxford, MS, for defendants.

## MEMORANDUM OPINION

DAVIDSON, District Judge.

This is a cause of action brought by Michael R. McKee alleging negligence against several defendants which resulted in an automobile accident that caused significant injuries to the plaintiff. Today, the court considers the plaintiff's motion for partial summary judgment as to liability of defendant Reid Pulpwood, Inc. (Reid). The plaintiff asserts that Reid is liable as a matter of law under the theory of respondeat superior. Reid cross-motions for summary judgment claiming that defendant Doubleday Logging (Doubleday) was an independent contractor and, therefore, that Reid is not liable for negligent acts of Doubleday's employees. The court is of the opinion that summary judgment in favor of Reid is appropriate and, thus, Reid's motion for summary judgment will be granted.

## FACTUAL BACKGROUND

Reid Pulpwood, Inc. is engaged in, among other things, the business of harvesting, purchasing and selling timber. It entered into a contract with Magnolia Farms, a partnership, pursuant to which Reid would harvest and remove hardwood timber from a particular tract of land on a "pay-as-cut" basis. Subsequently, Reid entered into a verbal agreement with Doubleday which allowed Doubleday to cut and haul timber for Reid on the above contract. Reid agreed to pay Doubleday on a production basis for timber Doubleday cut and hauled to Reid's purchasers. This was the first and only time Reid contracted with Doubleday.

On or about May 22, 1991, Defendant Brimmer was involved in an automobile accident with the plaintiff while operating a truck owned and maintained by Doubleday. The record reflects that at the time of the accident Brimmer was removing timber pursuant to the agreement entered into between Reid and Doubleday.

The plaintiff brought this action against the defendants alleging that Brimmer's negligence caused the accident and that Doubleday and Reid are liable for his actions under the doctrine of respondeat superior.[1] Defendant Reid has moved for summary judgment claiming that there is no genuine issue of material fact. Specifically, it contends that Doubleday was an independent contractor at the time of the accident and was not em-

---

1. Defendant Doubleday failed to answer the complaint and the plaintiff has entered a default against it. Defendant Brimmer answered the complaint and is defending this suit in a *pro se* capacity.

ployed by the defendant. Such a relationship, the defendant correctly argues, precludes it from being liable for any damages resulting from the negligence of employees of Doubleday. Both McKee and Reid have submitted substantial evidence for the court's consideration.

### *Summary Judgment Standard*

■ Summary judgment is appropriate only if the record reveals that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. F.R.C.P. 56(c). The pleadings, depositions, admissions, and answers to interrogatories, together with any affidavits, must demonstrate that no genuine issue of material fact exists. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Federal Sav. and Loan Ins. v. Kralj,* 968 F.2d 500, 503 (5th Cir.1992). The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Reid v. State Farm Mut. Auto Ins. Co.,* 784 F.2d 577, 578 (5th Cir.1986). However, summary judgment is mandated after adequate discovery and upon proper motion against a party who fails to make a sufficient showing to establish the existence of an essential element to that party's case and on which that party will bear the burden of proof at trial. *Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552.

### DISCUSSION

The Mississippi Supreme Court recently discussed the difficulty courts have had distinguishing between an employer/employee relationship or independent contractor in *Richardson v. APAC–Mississippi, Inc.,* 631 So.2d 143 (Miss.1994). The court, in recognizing the difficulties, included portions of an earlier decision by the court on this issue in *Kisner v. Jackson,* 159 Miss. 424, 132 So. 90 (1931):

> There have been many attempts to define precisely what is meant by the term "independent contractor"; but the variations in the wording of these attempts have resulted only in establishing the proposition that it is not possible within the limitations of language to lay down a concise definition that will furnish any universal formula, covering all cases. At last, and in any case, it gets back to the original proposition whether in fact the contractor was actually independent.

*Id.,* 132 So. at 91.

The court then added:

> There are several tests to be applied, the weight of each, and whether much or little, rising and falling in the scale as it may or may not be counterbalanced by one or more of the remaining tests, present in the particular case in hand. For this reason these tests cannot be stated in any precise order of importance, but they are as follows: Whether the principal master has the power to terminate the contract at will; whether he has the power to fix the price in payment for the work, or vitally controls the manner and time of payment; whether he furnishes the means and appliances for the work; whether he has control of the premises; whether he furnishes the materials upon which the work is done and receives the output thereof, the contractor dealing with no other person in respect to the output; whether he has the right to prescribe and furnish the details of the kind and character of work to be done; whether he has the right to supervise and inspect the work during the course of the employment; whether he has the right to direct the details of the manner in which the work is to be done; whether he has the right to employ and discharge the subemployees and to fix their compensation; and whether he is obliged to pay the wages of said employees.

*Id.; See Leaf River Forest Prod., Inc. v. Harrison,* 392 So.2d 1138, 1141–42 (Miss. 1981) (the supreme court affirmed the factors delineated in *Kisner* ); *Young v. Tennessee River Pulp and Paper Co.,* 640 F.Supp. 1162, 1166 (N.D.Miss.1986) (Senter, C.J.) (using above factors to determine whether one is independent contractor or employee). As noted by the Mississippi Supreme Court in

*Richardson,* "[t]he factors or tests used by the courts have not in themselves been sufficiently specific to enable courts to avoid widely disparate results in determining whether an independent contractor or employer/employee relationship existed in particular cases." *Richardson,* 631 So.2d at 149.[2]

The court then proceeded to add another factor to the balancing test which is as follows:

> When a contract is made between two parties that as between themselves creates an independent contractor relationship and involves employment generally performed under a simple master/servant or employer/employee relationship, it will be upheld as between the parties. When, however, third parties are adversely affected, this Court will carefully scrutinize the contract to see if public policy should permit the transformation of an ordinarily employer/employee relationship into that of an independent contractor. A necessary condition precedent for the application of this factor, however, is that the party challenging the claimed relationship will be adversely affected, and denied an adequate legal remedy.

*Id.* at 150.

Courts have generally considered the idea of control as most significant. The Mississippi Supreme Court has stated: "Shorn of its mythology and elaborated factor analyses," the question may be simply put: whether the project owner maintains a significant *de jure* right or *de facto* power of control over the performance of aspects of the work from which the injury has arisen or to which it is reasonably incident. *Magee v. Transcontinental Gas Pipe Line Corp.,* 551 So.2d 182, 186 (Miss.1989); *See Fruchter v. Lynch Oil Co.,* 522 So.2d 195, 199 (Miss.1988) (finding that cases in this field revolve around control). As illustrated by the different holdings of prior cases in seemingly similar factual

circumstances, there is no precise formula. The court simply must apply the tests to the facts before it.

■ We turn now to see whether the agreement between Reid, the general contractor, and Doubleday, the subcontractor, constituted a relationship such that Reid should be vicariously liable for the negligence of Doubleday's employee.[3]

The court finds Chief Judge Senter's decision in *Young, supra,* to be most instructive. In *Young,* Tennessee River Pulp and Paper Co. (Tennessee River) entered into a contract with Mauney Brothers pursuant to which Mauney Brothers would harvest pulpwood and transport it to Tennessee River's woodyard. The plaintiff in the case was injured in a collision with one of Mauney Brothers' log trucks. Applying the factors above, with particular significance given to Tennessee River's degree of control over Mauney Brothers' operations, the court found:

> The facts which the Mississippi Supreme Court deemed significant enough to justify taking the case away from the jury in *Leaf River* are also present in the action now before this court: (1) Tennessee River never supervises Mauney Brothers or the employees of Mauney Brothers, although there are inspections; (2) Mauney Brothers exclusively uses its own equipment; (3) payment from Tennessee River to Mauney Brothers is computed on the basis of volume unit or production; ... (4) Mauney Brothers pays its own workmen; (5) Mauney Brothers regulates the time of its workers; ... (6) Mauney Brothers finances its own operation; ... and (7) Mauney Brothers, not Tennessee River, controlled the physical management of the equipment used and controlled the physical conduct of the workers.....

*Young* at 1166. The court granted summary judgment in favor of Tennessee River.

---

2. The decision went on to cite several cases with analogous factual situations that reached opposite conclusions. *Richardson,* 631 So.2d at 149.

3. The plaintiff argues in his motion for partial summary judgment that the contract between Reid and Magnolia Farms unquestionably placed Reid in absolute control over all of its agents or

employees in carrying out its duties under the contract. The court is of the opinion that the relevant inquiry here is to determine what type of relationship existed between Reid and Doubleday and not the relationship between Reid and Magnolia Farms. Accordingly, the plaintiff's argument to the contrary is not well taken.

The undisputed facts in the case *sub judice* are somewhat similar. The most significant facts are as follows:

1. Reid entered into a subcontract with Doubleday and agreed to pay Doubleday on a production basis for timber cut and hauled to Reid's purchasers;

2. Doubleday, not Reid, controlled the physical management of the equipment used and controlled the physical conduct of Brimmer. Reid never maintained or exercised control over the premises or the work performed by Doubleday or its employees;

3. Reid never inspected or supervised Doubleday or his employees as they worked;

4. Reid never instructed Doubleday or Brimmer on how to perform their job;

5. Doubleday owned its own equipment, including the truck involved in the accident. Reid never furnished, loaned or rented any equipment, materials or fuel to Doubleday during the project;

6. Defendant Brimmer was paid by Doubleday, not Reid.

The facts and circumstances indicate that Doubleday was an independent contractor at the time of the accident at issue. The evidence indicates that Reid never supervised or directed the work of Doubleday or Brimmer. Doubleday furnished and maintained all equipment at its own expense. It furnished its workers, none of whom were fired, hired or paid by Reid. The record further shows that Brimmer considered himself to be an employee of Doubleday. The uncontradicted evidence before this court indicates that Doubleday was an independent contractor at the time of the accident which resulted in injuries to the plaintiff.

The plaintiff recently filed a Letter Memorandum with this court, which was responded to by Reid, in which he argued that the additional public policy factor added by the court in *Richardson* favored the plaintiff. Essentially, the plaintiff argues that Reid was aware of the poor financial position of Doubleday at the time of their agreement and as such should be liable for allowing Doubleday to operate. Further, the plaintiff claims that he will be denied an adequate remedy at law should the court grant defendant Reid's motion for summary judgment because the other defendants have no insurance. Although the court considered the argument, based on the overwhelming evidence set forth above, the court is convinced that the relationship between Reid and Doubleday does not warrant finding Reid vicariously liable here. When applying the applicable factors in the present case, the court is of the opinion that Doubleday clearly was performing work as an independent contractor when this accident occurred and Reid should not be held liable for damages to the plaintiff simply because the plaintiff had the misfortune to be involved in an accident with an uninsured independent contractor performing work for its principal.

Under Mississippi law, one who employs an independent contractor is not liable for any damages resulting from the negligence of the employees of the independent contractor. *Hare v. Federal Compress and Warehouse Co.*, 359 F.Supp. 214, 216 (N.D.Miss.1973). No vicarious liability for acts of an independent contractor exists in Mississippi. *Ramsey v. Georgia–Pacific Corp.*, 597 F.2d 890, 892, 893 (5th Cir.1979) (applying Mississippi law), *on remand*, 511 F.Supp. 393, 401 (S.D.Miss.1981), *aff'd without opinion*, 671 F.2d 1376 (5th Cir.1982); *Mississippi Power Co. v. Brooks*, 309 So.2d 863, 866 (Miss.1975).

## CONCLUSION

The uncontradicted evidence indicates that Doubleday was an independent contractor at the time of the accident which resulted in injuries to the plaintiff. One who employs an independent contractor is not liable for any damages resulting from the negligence of an employee of the independent contractor. Accordingly, the defendant Reid's motion for summary judgment is granted.

An order in accordance with this memorandum opinion shall issue this day.