## BONAWITT v ST. VINCENT'S HOSPITAL

Ohio Appeals, 6th Dist, Lucas Co

No 2629.  Decided Feb 1, 1932

Messrs. Sheffler & Hyzer, and Messrs. Culbert & Culbert, Fremont, for plaintiff in error.

Messrs. Taber, Chittenden & Daniells, Toledo, for defendant in error.

RICHARDS, J.

An owner in treating a floor may use wax or oil or other substance in the customary manner without incurring liability to one who slips and falls thereon, unless the owner is negligent in the materials he uses or in the manner of applying them. If a recovery is to be had something more must appear than that the floor has had such treatment as is ordinarily applied in the care of floors.

While the circumstances in S. S. Kresge vs. Fader, 116 Oh St, 718, were not precisely similar to those in the case at bar, yet the principles announced seem entirely applicable. In that case water had been blown into the front of the store during a rainstorm and the incoming shoppers had carried in more moisture, rendering the floor slippery and resulting in the plaintiff's fall and injury. Such an entryway might, when wet, be fully as dangerous as a floor which had been waxed and polished.

Ten Brint vs. F. W. Woolworth Co., 133 Atl., 245; 30 Negligence Compensation Cases Annotated, 564, is precisely like the case at bar. In that case it was held not to be negligence for a storekeeper to oil the floor of his store, and that a verdict for the defendant was properly directed in the absence of negligence of the defendant in oiling the floor, and that it would be necessary to prove that the oiling was improperly done.

In Spickernagle vs. Woolworth, 236 Pa., 496, it was held that a compulsory non-suit was properly granted where a customer sustained injuries by slipping on a floor which had been recently oiled, there being no proof that the substance used was unsual or improper or that the floor was oiled in

an improper manner or that it was in any different condition than would have resulted from proper oiling.

Similar decisions have been rendered in many cases, among which are the following:

Abbott vs. Richmond County Country Club, 207 N. Y. S., 183; affirmed 240 N. Y., 693;

Kerstein vs. Goodman, 225 N. Y. S., 68;

Kaufman vs. Young, 157 N. Y. S., 778;

Curtiss vs. Lehigh Valley Railroad Co., 233 N. Y., 554;

Lavine vs. United Paper Board Co., 243 N. Y., 631.

The questions were carefully reviewed by the Court of Appeals of Stark County in an opinion by Judge Shields in Woolworth vs. Smallwood, 26 O. L. R., 474, and a directed verdict held required. Many authorities sustaining the doctrine are collected in an article published in the January, 1932 number of the United States Law Review at page 47.

The duty of the owner is to exercise ordinary care for the safety of those who have occasion to walk on the floor and that duty is not shown to have been violated by merely oiling or waxing and polishing a floor in the usual way, although the floor was rendered slippery thereby.

For the reasons given the judgment is affirmed.

Judgment affirmed.

LLOYD and WILLIAMS, JJ, concur.