## DAVIES v ROOT

Ohio Appeals, 2nd Dist, Franklin Co

No 2408.   Decided Nov 23, 1934

Addison & Addison, Columbus, for plaintiff in error.

Vorys, Sater, Seymour & Pease, Columbus, for defendant in error.

**OPINION**

By KUNKLE, J.

The first ground of error stressed by counsel for plaintiff in error relates to the refusal of the trial court to submit certain interrogatories to the jury for answer in the event they agreed upon a general verdict. Five such special interrogatories were requested and the trial court submitted interrogatories numbered 1 and 2.

Number 1 is as follows:

"Was the steer in question after its escape from the slaughterhouse confined in the school yard at Grubb and Sandusky Streets off the public highway?"

The answer to this as signed by all twelve of the jurors was "No."

The second interrogatory was as follows:

"Did the shouting of the crowd around the school yard frighten the steer and cause it to break out of the school yard?"

The answer to this, as signed by all twelve of the jurors was "Yes."

The third, fourth and fifth interrogatories which were not submitted to the jury are as follows:

"Q. 3. How long was it from the time the steer broke from the school yard until plaintiff was struck by the steer?

"Q. 4. Could the steer have been captured in that time by defendant?

"Q. 5. What did defendant do that he should not have done between the time the steer escaped from school yard and the time it struck plaintiff?"

Upon a careful consideration of the issues raised by the pleadings and the special interrogatories refused, we are of opinion that no prejudicial error resulted to plaintiff in error by reason of the refusal of the trial court to give such interrogatories. We do not think such interrogatories are determinative of any of the issues made by the pleadings and among other reasons are in part based upon the assumption that the steer in question was confined in the school yard. That question was in dispute, the defendant in error insisting that the evidence did not show that the steer was actually confined in the school yard.

The plaintiff in error also seriously contends that the trial court erred to the prejudice of plaintiff in error in excluding certain evidence. The evidence so excluded and which is particularly stressed by counsel for plaintiff in error relates to the cross-examination of the witness Stuart as found on page 18 of the record. This witness had been a meat inspector in the city of Columbus for about 21 years. On page 18 the following appears:

"Q. And you go around to all these slaughterhouses? A. Yes.

"Q. Did you see anything different in the arrangement for killing cattle over there from other slaughterhouses?"

Question objected to by the plaintiff; objection sustained; exception by the defendant.

"Q. Isn't it a fact that that steer came up there to that last room facing that chained down door between brick walls?

A. Yes, he came in between two high brick walls well built making it impossible for any animal to escape.

"Q. And what there is in front of it was a big solid door that no animal could get through the pen so long as that chain was down? A. Yes, it was solid. No animal could get through as long as the chain was down.

"Q. And at the time that steer was brought in there the chain was down and hooked, wasn't it? A. Yes.

"Q. I will ask you if it is not a fact that that is the usual, customary and ordinary way of preparation for slaughtering cattle and bringing them into the slaughter pen by persons engaged in the same or similar business in the city of Columbus, to your knowledge?

"MR. VORYS: I object. It is utterly immaterial."

And thereupon the court sustained the above objection of plaintiff, to which ruling plaintiff excepted.

"Q. You are familiar, are you not, Mr. Stuart, with the usual methods? A. Yes."

"MR. ADDISON: That is all."

Did the trial court err in rejecting this testimony? The record does not disclose what the witness would have stated, but this was upon cross-examination and not upon examination in chief. We can not escape the conclusion but that the plaintiff in error was entitled to the information called for by the above questions which were objected to by counsel for defendant in error and which objection was sustained by the trial court.

In the case of **Ault .v Hall, 119 Oh St, at page 422,** the 2nd and 3rd paragraphs of the syllabus are as follows:

"2. In an action for negligence, conformity to custom or usage is a matter proper to be submitted to the jury for its consideration in determining whether or not ordinary care has been exercised."

"3. Customary methods or conduct do not furnish a test which is conclusive or controlling on the question of negligence or fix a standard by which negligence is to be gauged, but conformity thereto is a circumstance to be weighed and considered with other circumstances in determining whether or not ordinary care has been exercised."

In the case of **Bonawitt v Sisters of Charity of St. Vincent's Hospital, reported in Oh Ap, Vol. 43, at p. 347, (11 Abs 303), the** syllabus is as follows:

"Visitor slipping on the waxed and polished hospital floor could not recover as a matter of law, there being no evidence of negligence in method or materials used in waxing or polishing.

"2. Owner may wax or oil floor in customary manner without incurring liability to one slipping and falling thereon, unless negligent in materials or method use.

"3. Owner's duty is to exercise ordinary care for safety of those who have occasion to walk on his floor."

Applying the reasoning found in the above cases and especially in the case reported in the **119 Oh St, at p. 422,** we can not escape the conclusion but that plaintiff in error was entitled to have the above quoted questions answered, not for the purpose of making a complete defense, but for the purpose of reflecting or throwing light upon the question as to whether ordinary care was exercised by the plaintiff in error for the purpose of preventing the steer in question from escaping from the killing-pen.

Counsel for plaintiff in error also insist that the court erred in giving contradictory special instructions in advance of the argument of counsel and particularly in giving the special instructions asked by counsel for defendant in error upon the question of independent intervening cause.

The special instruction asked by counsel for defendant in error and given, is as follows:

"If you find that the steer after its escape from the slaughter house of defendant was recaptured by confining it in a yard off the public highways, and that its escape from said yard was caused by said steer being frightened by the shouting and other conduct of third persons over whom the defendant had no control and who were not agents or employees of the defendant, this alone would not relieve the defendant of liability if such shouting and such other conduct of such third persons ought to have been foreseen by the defendant as likely to occur in the light of all the circumstances."

The special instruction requested by plaintiff in error and given by the court is as follows:

"If you find that the steer, which it is claimed injured the plaintiff, after its escape from the slaughter house of defendant, and before it had injured plaintiff, was recaptured by confining it in a yard off of the public highways, and its escape from said yard was due to said steer being frightened by the shouting and other conduct of third persons over whom defendant had no control and who were not agents or employees of defendant, and that defendant was not negligent in permitting said steer to escape from the yard, nor negligent in the manner in which he attempted to recapture said steer after its escape from the yard, then the defendant would not be liable, and your verdict should be for the defendant."

The record, page 259, discloses that after the jury had deliberated about two hours they inquired of the court in writing as follows:

"Does 'confined' mean simply that of being shut in by closed, by unsecure gates, or shut in by closed and secured gates, i.e., locked or fastened by rope or chain?"

Whereupon the court, in writing submitted to the jury the following answer to said inquiry:

"The word 'confined' as employed in defendant's specal interrogatory number one means so shut in that a person of ordinary care and prudence would not foresee that the steer might escape from the enclosure under the same or similar circumstances."

The record further shows that neither party objected to the form or manner of communicating this answer to the jury, but that each excepted to the answer as given.

"MR. VORYS: I think the record should show that the bailiff has called Mr. Addison, and that Mr. Mitchell was present and reserved the defendant's exception. Let the record show that the plaintiff objects to the language used on the ground that the same calls for a conclusion of fact and law from the jury."

"THE COURT: The record may be so made up."

The court, on pages 252 and 253, among other things, in the general charge to the jury, stated the following:

"The defendant claims that if he was negligent in any respect, which he denies, that a new intervening cause arose in that

after the steer was confined in the school yard it was infuriated and excited by the noise and shouting of the crowd of people who assembled around the school yard, which caused it to again escape and run upon the plaintiff, and he claims that the acts of the crowd were the proximate or direct cause of any injuries sustained by the plaintiff. I charge you, members of the jury, that if the sequence of cause and effect was not interrupted by the alleged acts of the people present about the school yard, but if the alleged original negligence of the defendant continued uninterruptedly and unbroken as the efficient and direct cause of the ultimate accident to the plaintiff, that the defendant may still be liable; but if the acts of the public around the yard did intervene as an independent and direct cause, as I have defined that term to you, then the plaintiff cannot recover for any negligence of the defendant prior to such new independent cause."

Under the state of the record as disclosed by the above quotations, did the court err in giving either or both of the special instructions so requested by counsel?

From a consideration of the authorities submitted, we are of opinion that the special instructions so given are contradictory and misleading and that the giving of the said special instructions so requested by counsel for defendant in error upon the question of independent intervening cause was erroneous.

If we are correct in this conclusion, then the same would necessarily be prejudicial to the rights of the plaintiff in error.

Entertaining these views the judgment of the lower court must be reversed and the cause remanded.

Counsel for defendant in error call attention to the fact that this case has been pending for a long time and that different trials have been had. We concur in the feeling of counsel for defendant in error that this litigation should be ended but that feeling does not relieve us from correctly passing upon the questions presented for our consideration. The record does disclose that this case has been tried three different times; in the first trial the jury disagreed; in the second trial the jury returned a verdict in favor of defendant in error in the sum of $50.00, which verdict, upon the application of defendant in error, was set aside by the trial court upon the ground that the amount allowed was inade-

quate; in the third and present trial the jury awarded the defendant in error a verdict in the sum of $2000.00.

In view of this state of the record, if we could consistently find that the two errors above discussed were not prejudicial to the rights of plaintiff in error, we would make such finding and affirm the judgment. We are unable so to do, however, and the judgment must be reversed because of error in the exclusion of testimony and of error in giving the special instruction above referred to at the request of counsel for defendant in error.

We have considered all of the errors urged by counsel for plaintiff in error, but in our opinion the two errors above mentioned constitute the only errors which under the record are prejudicial to the rights of plaintiff in error.

Judgment reversed and cause remanded.

BARNES, J, concurs.
HORNBECK, PJ, dissents.