## DANIEL *v.* JACKSON INFIRMARY.

(Division B.   Sept. 30, 1935.   Suggestion of Error Overruled Oct. 28,
1935.)

[163 So. 447.   No. 31810.]

Alexander & Satterfield, of Jackson, for appellant.

Butler & Snow, of Jackson, for appellee.

**Griffith, J.,** delivered the opinion of the court.

Appellant, an invitee of appellee, while walking from her room on the third floor of appellee's hospital, on Monday, January 1, 1934, fell and broke her arm, which injury she avers was solely because of the highly polished, slick, slippery, and dangerous condition of the waxed linoleum-covered floor of the hallway upon which she was walking. It was shown by the undisputed testimony that the linoleum was the regulation Armstrong Battleship Linoleum of the same type and character in common use in stores, office buildings, and in other public buildings everywhere, and that it was installed in the customary and proper manner; that it was regularly cleaned and waxed on Friday of each week, and on no other day, in which process Fries Paste Floor Wax was used, this being the wax which was recommended for that purpose by the manufacturers of linoleum, and that the waxing was carefully done and the finish thereof was left in the manner as directed by the manufacturer, and that although this particular linoleum had been upon the floors of appellee's hospital for about eight years, and had been regularly cleaned and waxed as aforesaid, and had been in the daily use of numerous people throughout all that time, no previous injury had ever occurred from the use of the floors of the building.

The trial judge directed a verdict for the defendant; and, upon this appeal, a wealth of cases has been cited in the briefs. Appellant relies upon a line of cases of which Hohlt Co. v. Routt (Tex. Civ. App.), 48 S. W. (2d) 386, may be mentioned as typical; and appellee cites Bonawitt v. St. Vincent's Hospital, 43 Ohio App. 347, 182 N. E. 661, and those of a similar import. It is not to be denied that there is some inharmony among the numerous cases dealing with the subject, but all are in substantial accord upon the rule that the owner or person in control of a building, such as here under consideration, must exercise reasonable care to so construct and maintain the floors therein as that they shall be reasonably safe for those who have the right to use them, when and while the users are themselves exercising reasonable care in that use. And they are in accord also that the doctrine of res ipsa loquitur has no application to such cases when, as here, the danger complained of is one which is entirely open and visible; and all of course, agree that the proprietor is in no sense an insurer of safety. And most, if not all, of the courts are in agreement that a proprietor may use the proper and customary cleansing and polishing substances or materials on the floors when properly and carefully applied in the usual and customary manner, and are properly finished in the process, leaving no spots or pools of water or oil or grease or wax, or other like substance, which would leave dangerous particular places on the floor, as distinguished from the general finish, and there is no suggestion that in this case there was present any of such spots or pools.

In cases of this character, as in others involving like duties, "the test is not danger, but negligence; and negligence is the failure to take such reasonable care as is taken or should be taken by experienced and prudent men." Hammontree v. Cobb Const. Company, 168 Miss. 844, 854, 152 So. 279. The rule is, therefore, the same as that required by the law of master and servant in

respect to appliances, ways, and methods. And ever since the decision in Kent v. Railroad Co., 77 Miss. 494, 27 So. 620, 78 Am. St. Rep. 534, the courts in this state have been committed to the proposition that a defendant charged with negligence as to an appliance, way, or method is not liable when he furnishes the appliance or avails of the way or uses the method customarily and generally employed by careful and prudent men long engaged in the same business, unless the unreasonable unsafeness in the appliance or way or method is so obvious that impartial persons could not well be in disagreement upon that issue. Hammontree v. Cobb Const. Co., supra, 168 Miss. 844, page 852, 152 So. 279; Newell Contracting Co. v. Flynt (Miss.), 161 So. 298, 300.

It is the more dependable from the standpoints both of practicability and of justice to look to the customary, generally recognized and commonly observed standards in any long-established line of business or occupation, when that business or occupation has many members, and to the sanctions of tried experience in such business or occupation for guidance as to what is adequate and proper therein rather than to elevate, above the sanctions of such long-tried and general experience, the notions or preferences of a particular jury, many of whose members have had no experience whatever in that business and sometimes with little or no opportunity for particular observation of it, save only that the courts and juries shall possess the reserved right to overrule any such customary standards of any business when the standards adopted and observed by that business are nevertheless so unreasonably unsafe, and so obviously so, that impartial persons could not well be in disagreement upon the issue, and, as we have already stated, such is the rule of law in this state.

Since the testimony establishes by an adequate array of witnesses, both expert and lay, without dispute, that the linoleum floor, which is complained of in this case, substantially as constructed and substantially as main-

tained by this appellee, is and has been for a long time in common and general use, under substantially the same method of maintenance, in stores, office buildings, and other such buildings where members of the public are invited to visit and do visit in unnumbered thousands every day and everywhere, and since the testimony fails to show that such installation, maintenance, and use is so unreasonably unsafe and impartial persons could hardly be in disagreement upon the issue, we must concur with the learned trial judge, unless we are authorized to make a distinction and lay down a different rule as to hospitals. But when we note that the aged, the infirm, and the sick, in great numbers, daily visit physicians' offices in office buildings and visit as well in stores and other like places, we must at once conclude that we are not warranted in attempting the suggested distinction.

Affirmed.