## Jones v. Benevolent Protective Order of Elks, Lodge #173

*Hess, Casale & Wise*, for plaintiff.
*Harry Alvan Baird*, for defendant.

WILLIAMS, P. J., November 17, 1958. — Plaintiff man and wife were awarded $2,500 by a jury. Defendant moves for judgment n. o. v. and for a new trial. At

the close of plaintiff's evidence, defendant moved for a compulsory nonsuit, and at the close of all of the evidence, defendant moved for binding instructions in its favor.

According to the testimony, plaintiffs had gone to dance at defendant's dance floor. After they had been at the dance for over an hour, they proceeded to dance. After one dance of slow music they continued in a jitterbug dance when the wife plaintiff, while separated from her husband in a jitterbug routine, fell, causing injuries.

The only evidence offered to support negligence on the part of defendant was that the dance hall was dimly lit, that the floor was slippery in spots and that an employe of defendant scattered a wax-like substance over the floor in an uneven manner. There was no testimony as to the thickness of the wax at the spot where the wife plaintiff fell. There was testimony that plaintiff husband saw the scattering of the powderlike wax.

We are of the opinion that a compulsory nonsuit should have been granted. It has been held in many cases that dimly lit dance halls in themselves are not negligence, and that as a general rule a slippery dance floor is not in itself sufficient to prove negligence: 28 A. L. R. 2d, 615, 616. Those who go to dance prefer slippery floors and dimly lit halls.

The placing of wax or a similar substance on the floor to make it smooth for dancing has become an established custom, and unless the owner has been negligent in the materials he used or in the manner of applying them, he is not liable to a person who falls thereon because of its slippery condition: Kalinowski v. Young Women's Christian Association, 17 Wash. 2d 380, 135 P. 2d 852. It has been held that if a recovery is to be had, something more must appear than that the floor has had such treatment as is ordinarily

applied in the care of floors. The duty of the owner is to exercise ordinary care for the safety of those who use it, and this duty is not shown to have been violated by merely oiling or waxing a floor in the usual way, although the floor was rendered slippery thereby: Bonawitt v. Sisters of Charity of St. Vincent's Hospital, 43 Ohio App. 347, 182 N. E. 661.

It was held in Fishman v. Brooklyn Jewish Center, 255 N. Y. S. 124, that the placing of wax in small pieces upon a dance floor whereon plaintiff and other guests were invited to continue to dance was as a matter of law not negligence.

In the instant case there was no testimony which would indicate that defendant was negligent in the materials used in waxing the floor nor was there any testimony which would indicate that it was negligent in applying the materials to the floor. It is of general knowledge that dance hall proprietors usually scatter powdered wax over the dance floor before or during the dance. This seems to be the accepted practice. It is to be expected that wax so scattered will not cover all parts of the floor surface. The dancers themselves spread the wax particles. We are of the opinion that the mere scattering of powdered wax on the floor is not negligent and we feel that there is insufficient evidence to show that it was done improperly in this case.

In the case of Ralston v. Merritt, 117 Pa. Superior Ct. 487, cited by plaintiff, the injury was caused by an unevenly waxed floor, half of the floor having been covered with a waxy substance similar to thick vaseline, in some spots one inch thick. The Ralston case was a department store case and can be easily distinguished from the case before us now.

### Order

And now, November 7, 1958, judgment is entered for defendant, costs on plaintiffs. The motion for a new trial is refused.