OLIVER *v.*
AMERICAN REPUBLIC FINANCE CORPORATION OF BILOXI

No. 42665        May 6, 1963        152 So. 2d 705

*Walter L. Nixon, Jr.*, Biloxi, for appellant.

*P. D. Greaves,* Gulfport, for appellee.

McGEHEE, C. J.

The appellant Almeta Oliver went to the office of the Republic Finance Corporation of Biloxi to make a monthly payment on her television set, and after opening the door of the appellee's office she started walking

in the ordinary manner across the floor toward the counter where she meant to make her payment. After walking 15 or 20 feet toward the counter her feet slipped from under her and she fell on the floor. She did not stumble and fall; her feet just slipped forward from under her. (Hn 1) We think, after a full consideration of the facts in the case, that the question of liability must be adverse to the appellant's contention under the cases of Daniel v. Jackson Infirmary, 173 Miss. 832, 163 So. 447, and the line of cases of which Hohlt Co. v. Routt, (Tex. Civ. App.) 48 S. W. 2d 386, is typical, and also the case of Bonawitt v. St. Vincents Hospital, 43 Ohio App. 347, 182 N. E. 661.

The appellant testified that after she had fallen she noticed that the floor had been recently polished and was very slippery; it had to be recently polished at some time during the month, if it was cleaned and polished at all. But the proof on behalf of the appellee disclosed that on the 15th day of the month, the date on which she fell, some 50 or more other persons had walked over the floor without mishap, and that on days other than August 15, 1961, when she fell, there had been 25 or more persons daily who had walked over the floor, without falling. Moreover, the appellant made no complaint at the time as to the condition of the floor, and the proof disclosed that the appellee had used the customary material for polishing the floor and showed that the polish had been spread on the floor by a buffing machine, and it was not claimed that any unusual amount of the wax or polish had been allowed to accumulate at the place where the appellant slipped and fell. As was frequently stated in opinions written by Judge Griffith, the issue is not danger, but negligence.

We do not think that the trial judge was in error in granting a directed verdict in favor of the defendant

because of the insufficiency of the evidence to show that the appellee had been guilty of negligence.

Affirmed.

*Kyle, Gillespie, Rodgers and Jones, JJ.,* concur.