183 So.2d 624 (1966)
Mrs. Louise DEES
v.
M.E. CAMPBELL, d/b/a Red and White Food Store.
No. 43814.
Supreme Court of Mississippi.
February 28, 1966.
*625 George M. Simmerman, Pascagoula, for appellant.
Morse & Morse, Gulfport, for appellee.
ETHRIDGE, Chief Justice:
Mrs. Louise Dees, appellant, brought this action in the Circuit Court of Jackson County for the wrongful death of her husband, Wiley Dees. At the close of plaintiff's evidence, the trial court gave a peremptory instruction for M.E. Campbell. Dees fell on the parking lot of defendant's grocery store, and received a brain concussion from which he died. We hold that there was not sufficient circumstantial evidence to make a jury issue on negligence, particularly notice by the proprietor of a slippery condition, and thus we affirm the trial court.
Mr. Dees parked his automobile on the small parking lot of Campbell's Food Store in Ocean Springs, gave his wife some money to buy groceries, and she went in for that purpose. While she was at the check-out counter, she was advised that her husband had fallen. When she got to the car, she found him unconscious, lying flat on his back on the concrete next to the driver's door. Apparently no one saw him *626 fall. He regained consciousness, but died about six hours later.
Plaintiff's evidence indicated that there were places on the concrete parking lot where oil drippings from automobiles had discolored the pavement. There was a dispute in the evidence as to where Mr. Dees fell, and whether the particular area had any oil drippings on it. There was slight evidence that some scattered spots were slippery. There was no evidence to show that the discolored spots had fresh oil on them. Employees of the store swept the lot earlier in the morning before this accident. The evidence, not more than a scintilla, was insufficient to show any failure on the part of the proprietor in his duty to use reasonable care to maintain the premises in a reasonably safe condition under the circumstances. Plaintiff failed to show either that the proprietor had actual notice of a slippery condition, if any, or that the condition existed for such a length of time that in the exercise of ordinary care he should have known it and taken action to remedy it. Annot., 61 A.L.R.2d 6, 13 (1958). In short, the evidence was insufficient to make a jury issue on the question of notice or knowledge of a slippery condition, if it existed, in the parking lot. See Wallace v. J.C. Penney Co., Inc., 236 Miss. 367, 109 So.2d 876 (1959); Montgomery Ward & Co., Inc. v. Windham, 195 Miss. 848, 16 So.2d 622, 17 So.2d 208 (1944); Daniel v. Jackson Infirmary, 173 Miss. 832, 163 So. 447 (1935).
Appellant urges the doctrine of res ipsa loquitur. Although negligence, like any other fact, may be proved by circumstantial evidence, there must be evidence from which reasonable men may conclude that, upon the whole, it is more likely that the event was caused by negligence than that it was not. The inference must cover all of the necessary elements of negligence and must point to a breach of defendant's duties. Res ipsa loquitur is nothing more than one form of circumstantial evidence. Prosser, The Procedural Effect of Res Ipsa Loquitur, 20 Minn.L.Rev. 241 (1936). The procedural effect of a res ipsa case is a matter of the strength of the inference to be drawn, which will vary with the circumstances of the case. Here the circumstances do not permit an inference of negligence by defendant. See Prosser, Law of Torts 215-239 (3d ed. 1964).
Affirmed.
RODGERS, JONES, INZER and ROBERTSON, JJ., concur.