Trudo v. Meguiar's, Inc., No. S1474-01 CnC  (Norton, J., Dec. 20, 2004)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT                                    SUPERIOR COURT

Chittenden County, ss.:                              Docket No. S 1474-01 CnC

TRUDO

v.

MEGUIAR'S, INC.

ENTRY

This is a product liability case about a manufacturer's duty to warn. Plaintiff Brian Trudo and defendant Meguiar's, Inc. have made responding motions for summary judgment.  Meguiar claims that a warning was unnecessary because the danger posed by its wax, namely that it makes a surface slippery, is open and obvious to the reasonable consumer.  Trudo argues that the danger posed by the wax on the boat was not open and obvious because the wax made the surface dangerously slippery and neither the instructions on the wax nor on the boat warned against its application

on a walking surface. If the wax was not open and obvious, argues Trudo, summary judgment is proper in his favor because Meguiar knew or should have known that the wax made surfaces slippery and that people, like Trudo, were going to use it on their boats, even on walking surfaces.

The facts behind this case are quite tragic. On June 27, 1999, Trudo fell from his 26-foot motor boat while it was anchored near Thayer's Beach on Lake Champlain. Trudo had recently purchased the boat and used Meguiar's boat wax to restore and protect all of the fiberglass surfaces, including the non-skid steps rising out of the carpeted cockpit. On that day, Trudo was jumping into the lake from the boat, doing cannonball dives. As he reached the top, non-skid step to perform another cannonball, he slipped and fell head-first into shallow water. Trudo sustained severe injuries from this impact that have left him a quadriplegic.

Trudo's theory of liability is that neither Meguiar nor the boat manufacturer included warnings about waxing and non-skid steps. Vermont law requires manufacturers to warn "when it knows or has reason to know of dangers inherent in the product at the time the product is sold, or when the product is dangerous to an extent beyond that which would be contemplated by an ordinary consumer." Webb v. Navistar International Transportation Corp., 166 Vt. 119, 127 (1996), cited in Needham v. Coordinated Apparel Group, 174 Vt. 263, 268 (2002).

This suggests two avenues of liability that Trudo might have pursued within the duty to warn category. Andersen v. Teamsters Local 116 Building Club, Inc., 347 N.W.2d 309, 311 (N.D. 1984). First, he could have argued that Meguiar's wax is inherently slippery, a known quality that Meguiar was aware of—or should have been—when it sold the wax. This would have required a duty to warn against applying it on walking surfaces

of the boat.  Second, Trudo could have argued that the slipperiness caused by Meguiar's wax is dangerous to an extent beyond what an ordinary consumer would expect,  which would require a more general warning about how the wax makes surfaces unreasonably dangerous.

Notwithstanding some of Trudo's rhetoric, his argument and the evidence in this case favor the first theory over the second.  Trudo provides no evidence to compare Meguiar's wax to other waxes, marine or otherwise, or to show how slippery in general wax is.  Thus there is no proof that Meguiar's makes a particularly slippery wax or that people do not expect wax to make surfaces slippery.  In fact courts have generally held the opposite; that wax is slippery as an inherent quality and that liability does not attach by its mere use. See, e.g., Bonawitt v. Sisters of Charity of St. Vincent's Hosp., 182 N.E. 661, 662 (Ohio App. 1932) ("An owner in treating a floor may use wax or oil or other substance in the customary manner without incurring liability to one who slips and falls thereon, unless the owner is negligent in the materials he uses or in the manner of applying them.").

Trudo central argument is that Meguiar knew or should have known that people would use its wax on boats; that they would put wax on areas that common sense or hindsight might otherwise counsel against, such as non-skid steps and walking areas; that water would make these areas even more slick; and that Meguiar's did not take the reasonable step of putting a warning on their boat wax about this use.

Meguiar argues that wax is, by its nature, slippery, and that to the extent such slipperiness is a danger when applied to specific areas of a boat, it is an open and obvious one.  This refers to an exception in products liability law under the duty to warn where manufacturers do not have a duty

to warn about generally known risks. Restatement (Third) of Torts Products Liability § 2 (c), cmt. j (1998); see also 2 D. Dobbs, The Law of Torts § 363, at 1007 (2001). If the question in this case was merely whether wax is slippery, this court would be justified in concluding that no warning was necessary. Case law and experience make clear that one of the qualities of wax is to reduce friction. The question here, however, is different, whether it is an obvious danger to wax the walking surfaces of a fiberglass boat. Neither Meguiar nor Trudo have found any case law on point for this issue. The arguments for both sides are compelling. Certainly, experienced sailors, amateur boat owners, or even the occasional nautical traveler would recognize the danger inherent in waxing a step. At the same time, a new boat owner, such as Trudo, might not have the practical insight of experience to distinguish between properly waxing the deck and improperly waxing the non-skid areas of tread on the deck.

In cases such as this, the Restatement counsels that the issue of obviousness is one of fact and the province of the jury. Restatement (Third) of Torts Products Liability § 2, cmt. j (1998) ("When reasonable minds may differ as to whether the risk was obvious or generally known, the issue is to be decided by the trier of fact."). The arguments in this case come down quite evenly. Care of a boat is fairly technical process that requires specialized knowledge and experience. Yet, there is no license or certification required before ownership. Meguiar, as a major manufacturer of boat wax, should know that inexperienced boaters are just as likely as old salts to use their wax. To this extent that this court can be of two minds about the obviousness of the danger posed by waxing a non-skid step on a

boat, summary judgment is inappropriate at this time. It is a case for the jury to decide.[??]

Taking a step back, Meguiar also urges that its duty to warn is extinguished if the danger is obvious. This is a misleading proposition because it ignores the larger functions of a warning. Warnings serve at least two functions. The first, and most obvious, is to caution potential users. This is concatenate with the previous discussion on obviousness. The more obvious the danger, the less necessary a warning becomes because users are more aware of the danger and will, in theory, act more carefully or at least understand the risks involved. Professors Henderson and Twerski refer to this as the risk-reduction function of warnings. Henderson & Twerski, supra, at 286. But, warnings also function to help people make choices. Liriano v. Hobart Corp., 170 F.3d 264, 270 (2d Cir. 1999). Regardless of how obvious the danger of slipping posed by wax may be—as a matter of law—it does not necessarily follow that people will understand that waxing a boat properly should include not waxing areas where a person walks or that there is even a choice to be made. A well-placed warning may illuminate this choice and warn people of an unforeseen consequence stemming from a known danger. This court is not prepared to rule as a matter of law either way on this issue, and therefore,

---

[1] It is important to note that the burden of proof for the issue of open and obvious remains with the plaintiff. Plaintiff's evidence and arguments have raised enough evidence to show that reasonable minds could disagree over whether a reasonable—that is an objective—new boat owner would perceive the danger of waxing a non-skid step as obvious, but it will remain plaintiff's burden to present evidence and persuade the jury. See J. Henderson & A. Twerski, Doctrinal Collapse in Products Liability: The Empty Shell of Failure to Warn, 65 N.Y.U. L. Rev. 265, 285 (1990).

declines to adopt a standard as a matter of law regarding the duty to warn under the so-called "informed-choice" function of warnings.

Finally, summary judgment is inappropriate at this time for Trudo because while Meguiar did not explicitly warn against waxing the non-skid areas of the boat, it did not affirmatively recommend waxing them or obfuscate the danger of slipping. Trudo's arguments on this point are worth a brief examination. First, merely because a manufacture recommends the use of wax on a boat does not mean that it also recommends its use on every surface of the boat. In other words a general recommendation does not imply a specific use. Next, Trudo makes much out of the repeated use of the word "safe" on the bottle of boat wax. He argues that this was in effect a promise that its use would not render the boat unsafe and that it somehow hid the danger of slipping from him. But every instance of the word "safe" that Trudo refers to is firmly within the context of preserving and restoring the finish. The fact that safe could have two meanings, personal safety and non-destructive effects on the boat, is not suggested by Meguiar's instructions. Only the latter meaning arises within the context.

For his last point, Trudo argues that case law—such as <u>Bonawitt</u>, 182 N.E. at 662, which hold that mere waxing does not create liability— proves the proposition that a slippery surface is not an obvious danger of waxing. The flaw in this reasoning is that the conclusions of negligence have little to do with obviousness. If anything, the ruling in <u>Bonawitt</u> suggests the opposite, namely that a slip and fall is a quite obvious danger of waxing. <u>Id</u>. But more importantly, the issue of negligence and obviousness are independent. Any court may believe that waxing floors pose no danger, and any court may believe the opposite, that the danger is so obvious everyone recognizes it. Either way, the court could still hold

that liability does not attach because it will not extend a duty of care to property owners treating their floors in a customary manner.  Thus, the obviousness of the danger is not implied with any probability, and Trudo's argument does not survive scrutiny.

Based on the foregoing, plaintiff's motion and defendant's motion for summary judgment are denied.

Dated at Burlington, Vermont_____, 2004.