GRIFFIS, J., for the Court.
¶ 1. Monte R. Gray appeals the circuit court’s grant of a directed verdict in favor of BellSouth Telecommunications, Inc. (“BellSouth”) in a negligence action. Gray argues that the circuit court erred by granting the directed verdict based on Gray’s failure to make a prima facie showing of negligence via the doctrine of res ipsa loquitur. We find no error and affirm.
*1271 FACTS
¶ 2. On March 8, 2002, Gray was driving southbound on Gloster Street in Tupelo, Mississippi. James M. Young was driving his vehicle directly behind Gray. A telephone wire owned by BellSouth was sagging across the roadway at a height such that it made contact with the windshield or top of a passenger vehicle passing beneath. The wire caused many drivers to hurriedly apply their brakes to avoid hitting the hanging wire at full speed. Gray saw the wire as he approached and instinctively applied his brakes. Young did not slow his vehicle in time, and he struck the rear of Gray’s vehicle.
¶ 8. Gray’s vehicle was totally damaged in the collision. Gray immediately experienced pain in his back and neck, and he eventually underwent cervical-fusion surgery. He continues to suffer pain and physical limitations as a result of the accident.
¶ 4. Following the accident, a utility worker from another company cut the hanging wire and removed it from the street. BellSouth later received a customer complaint from Northeast Petroleum, a business located on Gloster Street near the place of the accident. Northeast Petroleum reported that its telephone line did not have a dial tone. Meletius Griffin, a BellSouth employee, was sent to investigate the problem. He found the cut wire and installed a new wire across the roadway.
¶ 5. Gray filed an action for negligence against BellSouth, as the owner of the sagging wire, and Young. Gray claimed that BellSouth negligently maintained the telephone wire and negligently caused or allowed the telephone wire to exist as an inherently dangerous condition on the roadway. Young filed a cross-claim against BellSouth based on the identical claims brought by Gray against BellSouth.
¶ 6. Gray presented his case to the jury. At the end of his evidence, defendants BellSouth and Young moved for a directed verdict pursuant to Rule 50 of the Mississippi Rules of Civil Procedure. Young’s motion was denied. However, the circuit judge found that there was insufficient evidence for the case against BellSouth to go to the jury. The circuit judge stated that Gray attempted to prove a breach of duty on the part of BellSouth through the doctrine of res ipsa loquitur, but Gray did not prove the necessary elements of that doctrine. Thus, BellSouth’s motion for a directed verdict was granted.
¶ 7. As a result, Young voluntarily dismissed his cross-claim against BellSouth. The trial resumed, and Young presented his defense to the jury. At the end of all the evidence, Gray and Young decided to waive their right to a jury decision and submitted the case to the circuit judge for a verdict. A verdict in favor of Gray and against Young was returned. The circuit court found Young to be 100% at fault for Gray’s injuries and awarded $185,000 in damages to Gray.
¶ 8. A final judgment was entered in the case, and Gray filed his appeal to this Court. His only claim on appeal is that the circuit court erred by ruling that Gray failed to meet the requirements of the doctrine of res ipsa loquitur regarding his claims of negligence against BellSouth.
STANDARD OF REVIEW
¶ 9. On appeal, we conduct a de novo standard of review of motions for a directed verdict. Munford, Inc. v. Fleming, 597 So.2d 1282, 1284 (Miss.1992). When deciding whether the granting of a motion for a directed verdict was proper by the lower court, this Court considers the evidence in the light most favorable to the non-moving party and gives that party the benefit of *1272 all favorable inferences that may be reasonably drawn from the evidence presented at trial. Id. If the favorable inferences have been reasonably drawn in favor of the non-moving party so as to create a question of fact from which reasonable minds could differ, then the motion for a directed verdict should not be granted and the matter should be given to the jury. Id.
ANALYSIS

Whether Gray proved the necessary elements of the doctrine of res ipsa loqui-tur in his negligence claim against Bell-South.

¶ 10. Gray argues that he set forth a prima facie showing of negligence on the part of BellSouth through the doctrine of res ipsa loquitur; therefore, the circuit court improperly granted a directed verdict in favor of BellSouth. BellSouth contends that the directed verdict was proper because Gray offered no evidence, circumstantial or otherwise, as to the claims of negligent installation, negligent maintenance, and negligent inspection.
¶ 11. There is no dispute as to the circuit court’s finding that Gray failed to put forth any direct evidence of Bell-South’s negligence; thus, Gray’s claim now rests on the application of the doctrine of res ipsa loquitur. “Res ipsa loquitur, literally translated ‘the thing speaks for itself,’ is simply one form of circumstantial evidence.” Read v. S. Pine Elec. Power Ass’n, 515 So.2d 916, 919 (Miss.1987) (citing Dees v. Campbell, 183 So.2d 624, 626 (Miss.1966)). “Under the doctrine of res ipsa loquitur, negligence can be inferred in certain factual situations.” Powell v. Methodist Health Care-Jackson Hosps., 876 So.2d 347, 349(¶ 7) (Miss.2004) (citing Winters v. Wright, 869 So.2d 357, 363(¶ 12) (Miss.2003)). However, the doctrine should be applied cautiously by the Mississippi courts. Id.
¶ 12. To apply res ipsa loquitur, the plaintiff must prove three elements:
First, the defendant must have control and management of the instrumentality causing the plaintiffs injury. [Second], the injury must be such that in the ordinary course of things it would not occur if those in control of the instrumentality used proper care. Third and finally, res ipsa loquitur only applies where the injury is not a result of the plaintiffs voluntary act.
Id. (internal citations and quotation omitted).
¶ 13. The circuit judge found that Gray failed to prove prong two of the test-that in the ordinary course of things, the injury would not have happened if those in control had used proper care. In his brief on appeal, Gray addresses the second prong by quoting one question asked of Griffin, the BellSouth technician:
Q: Would you agree with me based on the strength of these wires that you describe and the strength of these J hooks ... [i]f you properly install one of those, in the normal course of things it should not fall.
A: Yes.
Gray cites no legal authority or any other factual evidence, and this statement alone does not satisfy the second prong of the doctrine of res ipsa loquitur. Griffin’s statement merely indicates that a properly installed line should not fall in the normal course of things. It does not in any way show a failure of BellSouth to use proper care. In fact, the proof offered by Gray at trial shows that there was no improper installation of the wire or any type of damage to the poles or installation equipment. Griffin testified that he had never seen a wire fall without “something running into it and hitting it or something *1273 falling on it.” Griffin further stated that he was told by a woman working at Northeast Petroleum that a garbage truck hit the wire.
¶ 14. As BellSouth argues, this testimony by Griffin established a reasonable explanation for the sagging line. Moreover, res ipsa loquitur does not apply when “there has been specific proof which discloses some reasonable explanation for the happening other than the negligence charged against the defendant.” Winters, 869 So.2d at 364(¶ 15) (quoting Yazoo & M.V.R. Co. v. Skaggs, 181 Miss. 150, 158, 179 So. 274, 277 (1938)).
¶ 15. The supreme court has held:
Although negligence, like any other fact, may be proved by circumstantial evidence, there must be evidence from which reasonable men may conclude that, upon the whole, it is more likely that the event was caused by negligence than that it was not. The inference must cover all of the necessary elements of negligence and must point to a breach of defendant’s duties.
Dees, 183 So.2d at 626. Here, Gray essentially argues that BellSouth is negligent because it owned the sagging wire. Gray pleaded negligent installation, negligent maintenance, and negligent inspection, but he failed to offer any proof that would point to a breach of these duties. As the circuit judge held:
In the end, the inference must be a legitimate inference. It must cover all the necessary elements of negligence, and it must point to a breach of duty. There has been no evidence of any damage to any poles or hardware. There has been no evidence of any breach of maintenance. There has been no evidence of any breach of installation. In fact, the only proof that we really have on installation is that the J hooks were set at a sufficient height.... There’s been no evidence of any breach of inspection, especially in light of [the fact that] there was no actual notice [of] the downed line and the fact that at best the proof shows that the line was down only some 30 to 45 minutes prior to the accident.
¶ 16. Gray failed to prove that the sagging wire was more likely than not caused by a negligent act of BellSouth. We agree with the circuit court that there was insufficient evidence for this case to go to the jury. Gray failed to meet the second element of res ipsa loquitur. Without the application of that doctrine, there is no evidence of BellSouth’s negligence for a jury to consider. Accordingly, the directed verdict in favor of BellSouth is affirmed.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.