LEE, C.J.,
for the Court:
FACTS AND PROCEDURAL HISTORY
¶ 1. Bennie E. Braswell Jr. filed a complaint in the Marshall County Circuit Court against Beth Stinnett, D.D.S., individually and d/b/a Family Dentistry. The complaint alleged that Dr. Stinnett had negligently injected Braswell with a local anesthetic during a “deep cleaning” procedure. As a result, Braswell contends that he suffered permanent nerve damage.
¶ 2. At the close of Braswell’s case-in-chief, Dr. Stinnett requested a directed verdict. Dr. Stinnett argued that Bras-well’s expert witness, Dr. Martin H. Turk, failed to establish the applicable standard of care and failed to state how Dr. Stinnett had allegedly breached that standard. The trial court granted Dr. Stinnett’s motion for a directed verdict, finding that Dr. Turk failed to articulate the standard of care and demonstrate how Dr. Stinnett had breached the applicable standard.
¶ 3. Braswell now appeals, arguing that the trial court erred in granting a directed verdict in favor of Dr. Stinnett. Finding reversible error, we reverse and remand for a new trial.
STANDARD OF REVIEW
¶ 4. A motion for a directed verdict challenges the legal sufficiency of the evidence. Barfield v. State, 22 So.3d 1175, 1185 (¶ 34) (Miss.2009). The applicable standard of review for a directed verdict is *181 de novo. Gray v. BellSouth Telecomm. Inc., 11 So.3d 1269, 1271 (¶9) (Miss.Ct.App.2009). “When deciding whether the granting of a motion for a directed verdict was proper by the lower court, this Court considers the evidence in the light most favorable to the non-moving party and gives that party the benefit of all favorable inferences that may be reasonably drawn from the evidence presented at trial.” Abrams v. Boggs, 914 So.2d 738, 740 (¶ 7) (Miss.Ct.App.2005) (citing Munford, Inc. v. Fleming, 597 So.2d 1282, 1284 (Miss.1992)). “If the favorable inferences have been reasonably drawn in favor of the non-moving party so as to create a question of fact from which reasonable minds could differ, then the motion for a directed verdict should not be granted and the matter should be given to the jury.” Id.
DISCUSSION
¶ 5. In his only issue on appeal, Braswell argues that the trial court erred in granting the directed verdict in favor of Dr. Stinnett. The trial court found that there was no testimony as to the standard of care or whether Dr. Stinnett had breached the standard of care. The trial court did accept Dr. Turk as an expert, stating to Braswell, “You tendered [Dr. Turk] as an expert. He will be so accepted.”
¶ 6. Upon our review of the record, we find that Dr. Turk did fail to use the magic words “within a reasonable degree of medical certainty or probability” during his testimony. However, the Mississippi Supreme Court has held that there is no requirement that an expert use magical language in his testimony, “as long as the import of the testimony is apparent.” West v. Sanders Clinic for Women, P.A., 661 So.2d 714, 720 (Miss.1995). Dr. Turk stated that he believed Dr. Stinnett had “deviated from good dental practice” and that Dr. Stinnett’s negligence in injecting anaesthesia into Braswell’s infraorbital nerve caused Braswell’s injuries.
¶ 7. Dr. Turk testified as follows:
Generally you deposit your anesthetic two or three millimeters above the tooth if that’s the purpose of what was going to happen that day, the scaling and the root plaining. All that is standard.
To injure the nerve that’s up here[,] one of two things has to happen. Either the dentist lost her orientation or she wasn’t watching what [s]he was doing. There is no other way the needle could have been up there because that is not the standard of care. That is how the nerve was injured.
[Two of Braswell’s treating physicians] stated that in their opinionf,] it’s a paraesthesia. A paraesthesia is different from anesthesia. Anesthesia is total numbness, and there’s no feeling, and there’s no response to pressure. There’s no feeling of any kind. Par-aesthesia, patient is numb, but responds to pressure.
(Emphasis added).
¶ 8. We also note that the dissent takes issue with the fact that Dr. Turk was not licensed at the time of trial. However, the trial court was aware of this and accepted him as an expert with no objection by Dr. Stinnett. Viewing Dr. Turk’s testimony as a whole, we find that the import of his testimony was clear.
¶ 9. We also note that the trial court stated that Braswell “must prove by expert testimony what the standard of care [was] in Holly Springs, Mississippi, on December 13, 2004.” We must reiterate that “Mississippi physicians are bound by nationally-recognized standards of care; they have a duty to employ ‘reasonable and ordinary care’ in their treatment of *182 patients.” Palmer v. Biloxi Reg’l Med. Ctr., Inc., 564 So.2d 1346, 1354 (Miss.1990).
¶ 10. Finding that the trial court erred in granting a directed verdict in favor of Dr. Stinnett, we reverse the trial court’s order and remand this case for a new trial.
¶11. THE JUDGMENT OF THE MARSHALL COUNTY CIRCUIT COURT IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEES.
IRVING AND GRIFFIS, P.JJ., MYERS, ISHEE, ROBERTS AND MAXWELL, JJ„ CONCUR. CARLTON, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY BARNES, J. RUSSELL, J., NOT PARTICIPATING.