LEE, C.J.,
for the Court:
FACTS AND PROCEDURAL HISTORY
¶ 1. On April 10, 2011, Chakakhan Davis visited the Office Max store in Vicksburg, Mississippi. When Davis was exiting the store through the automatic sliding doors, the automatic doors came off track, continued to close, and closed on her hand.
¶ 2. On June 14, 2011, Davis brought suit in Warren County Circuit Court against Office Max for negligence, alleging she had sustained serious, permanent injuries and damages as a direct and proximate result of Office Max’s failure to provide reasonably safe premises and to reasonably protect Davis from a known, unsafe, and dangerous condition or a condition Office Max should have known to be unsafe and dangerous.
¶ 3. Davis moved for summary judgment on December 8, 2011. After two supple-mentations by Davis and a response by Office Max, Office Max then moved for summary judgment on March 6, 2012, to which Davis responded and Office Max replied. After a hearing, the trial court denied both Davis’s and Office Max’s respective motions for summary judgment on April 24, 2012, and granted Davis thirty additional days to complete discovery.
¶ 4. Office Max filed a supplemental motion for summary judgment on June 18, 2012. Davis responded. A hearing was held July 26, 2012, and summary judgment was granted in favor of Office Max.
DISCUSSION
¶ 5. Davis now appeals, arguing the trial court erred in (1) granting summary judgment in favor of Office Max, and (2) denying her motion to proceed in forma pau-peris on appeal.
*590 I. SUMMARY JUDGMENT
¶ 6. This Court reviews a trial court’s decision to grant summary judgment under a de novo standard of review. Busby v. Mazzeo, 929 So.2d 369, 372 (¶ 8) (Miss.Ct.App.2006). Under Mississippi Rule of Civil Procedure 56(c), summary judgment should be granted if, viewing the evidence in the light most favorable to the nonmov-ing party, “the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.”
¶ 7. The Mississippi Supreme Court has laid out a three-step analysis for premises liability. Leffler v. Sharp, 891 So.2d 152, 156 (¶ 10) (Miss.2004) (citing Massey v. Tingle, 867 So.2d 235, 239 (¶ 12) (Miss.2004)). The Court must: (1) classify the injured person as an invitee, licensee, or trespasser; (2) determine the duty owed to the injured party; and (3) determine if the business operator breached that duty. Id.
¶ 8. Davis was considered an invitee, because she entered the premises “in answer to the express or implied invitation of the owner or occupant for their mutual advantage.” Corley v. Evans, 835 So.2d 30, 37 (¶ 21) (Miss.2003) (quoting Hoffman v. Planters Gin Co., 358 So.2d 1008, 1011 (Miss.1978)). As an invitee, Office Max owed Davis “the duty to keep the premises reasonably safe, and when not reasonably safe, to warn only where there is hidden danger or peril that is not in plain and open view.” Rod v. Home Depot USA, Inc., 931 So.2d 692, 694 (¶ 10) (Miss.Ct.App.2006) (internal quotation omitted).
¶ 9. To succeed on a premises-liability claim, Davis must show “(1) a negligent act by [Office Max] caused [her] injury; or, (2) [Office Max] had actual knowledge of a dangerous condition, but failed to warn [her] of the danger; or, (3) the dangerous condition remained long enough to impute constructive knowledge to [Office Max].” Stanley v. Boyd Tunica, Inc., 29 So.3d 95, 97 (¶ 9) (Miss.Ct.App.2010) (citations omitted). In all three types of premises-liability claims, Davis must prove that a dangerous condition existed. Id. (¶ 10). “In other words, [Office Max] cannot be found liable for [Davis’s] injury where no dangerous condition existed].” Id. at 97-98 (¶ 10).
¶ 10. On appeal, Davis claims, as she did at the June 26, 2011 summary-judgment hearing, that the dangerous condition presented by the automatic sliding doors is subject to the doctrine of res ipsa loquitur. The doctrine of res ipsa loquitur involves a type of circumstantial evidence. Gray v. BellSouth Telecomm., Inc., 11 So.3d 1269, 1272 (¶ 11) (Miss.Ct.App.2009). Under this doctrine, “negligence can be inferred in certain factual situations.... ” Id. Nonetheless, the Mississippi Supreme Court has warned that it should be applied cautiously. Powell v. Methodist Health Care-Jackson Hosps., 876 So.2d 347, 349 (¶ 7) (Miss.2004). For the doctrine to be applied, Davis must prove that (1) Office Max had “control and management of [the automatic sliding doors] causing [her] injury”; (2) her injury was “in the ordinary course of things [that] would not occur if [Office Max] used proper care”; and (3) her injury was not a result of her own voluntary act. Gray, 11 So.3d at 1272 (¶ 12) (citations omitted).
¶ 11. Although this Court reviews the evidence in the light most favorable to the nonmoving party, who in this case is Davis, “in generating an issue of fact sufficient to avoid an adverse rendering of summary judgment, [Davis] cannot rely solely on [her] pleadings, which simply allege or deny a material fact. [She] must ... by *591 affidavit or otherwise set forth specific facts showing ... genuine issues for trial.” Newell v. Hinton, 556 So.2d 1037, 1041-42 (Miss.1990) (internal citations omitted). While it is not disputed that Office Max had control over the automatic sliding doors that injured Davis, Davis offered no proof that the doors would not have malfunctioned had Office Max used proper care. In fact, Davis offered no proof that the doors malfunctioned. Michael Mons-our, then manager of the Vicksburg Office Max, stated that when he responded to the incident, the automatic sliding doors were off their track. When the doors were placed back on their track, they operated without problem and did not require any maintenance.
¶ 12. The New Mexico Supreme Court addressed the issue of the application of res ipsa loquitur to a similar situation in Hisey v. Cashway Supermarkets, Inc., 77 N.M. 638, 426 P.2d 784 (1967), where the plaintiff was injured while exiting through an automatic sliding door. The plaintiff did not offer evidence as to the condition of the door or why or how the door malfunctioned. Rejecting the plaintiffs argument of res ipsa loquitur, the court found that “[t]he fact that the door had been operating properly before the accident and that it thereafter operated normally without any repairs being required clearly fails to sustain an inference that the isolated malfunction would not have occurred but for [the] defendant’s negligence.” Id. at 786.
¶ 13. Because Davis failed to prove the required elements, we find the doctrine of res ipsa loquitur inapplicable. Davis failed to offer any evidence to show that a dangerous condition existed; therefore, she did not “[generate] an issue of fact sufficient to avoid an adverse rendering of summary judgment.” We find that the trial court did not err in granting summary judgment in favor of Office Max.
II. IN FORMA PAUPERIS STATUS
¶ 14. Davis moved to proceed in forma pauperis on appeal. A hearing was scheduled on the matter for August 15, 2012, and Davis was notified by the court administrator. Davis failed to appear and present evidence in support of her motion. And the trial court denied her motion on August 16, 2012.
¶ 15. The Mississippi Supreme Court has stated that “any right to proceed in forma pauperis in [a case] other than a criminal case exists only at the trial level.” Moreno v. State, 637 So.2d 200, 202 (Miss.1994). To state it another way, “while [Mississippi] Code [Annotated] [section] 11-53-17 [ (Rev.2012) ] provides that persons who are truly indigent may proceed in civil actions as paupers[,] this statute authorizes in forma pauperis proceedings in civil cases at the trial level only.” Id. (internal quotations omitted). Therefore, this issue is without merit.
¶ 16. THE JUDGMENT OF THE WARREN COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. JAMES, J., NOT PARTICIPATING.