# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CA-00973-COA

| | |
|---|---|
| VICKY DEBROW, AS ADMINISTRATRIX OF THE ESTATE OF VOLLIE DEBROW, DECEASED, INDIVIDUALLY, AND ON BEHALF OF THE WRONGFUL DEATH HEIRS AT LAW OF VOLLIE DEBROW, DECEASED | APPELLANT |

v.

| | |
|---|---|
| STEPHEN HARLESS, M.D., AND HATTIESBURG CLINIC, P.A. | APPELLEES |

| | |
|---|---|
| DATE OF JUDGMENT: | 06/20/2014 |
| TRIAL JUDGE: | HON. ANTHONY ALAN MOZINGO |
| COURT FROM WHICH APPEALED: | LAMAR COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | WILLIAM W. FULGHAM |
| ATTORNEY FOR APPELLEES: | J. ROBERT RAMSAY |
| NATURE OF THE CASE: | CIVIL - MEDICAL MALPRACTICE |
| TRIAL COURT DISPOSITION: | GRANTED DIRECTED VERDICT IN FAVOR OF APPELLEES |
| DISPOSITION: | AFFIRMED – 12/15/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., BARNES AND JAMES, JJ.**

**IRVING, P.J., FOR THE COURT:**

¶1. In this medical-malpractice case, we must determine whether the trial court erred in granting a directed verdict in favor of the defendants/appellees, Dr. Steven Harless and Hattiesburg Clinic P.A. We must also determine whether the trial court properly denied the plaintiff/appellant's motion to bifurcate the trial.

PROCEDURAL HISTORY

¶2. On September 14, 2012, Vicky Debrow filed a medical-malpractice claim in the Lamar County Circuit Court against Dr. Stephen Harless and Hattiesburg Clinic P.A. (collectively Dr. Harless). Debrow alleged Dr. Harless was negligent in failing to timely diagnose her husband Vollie Debrow's rectal cancer.

¶3. Trial began on June 16, 2014. After Debrow rested her case-in-chief, Dr. Harless moved for a directed verdict. The trial court granted Dr. Harless's motion, finding that Debrow had failed to demonstrate Dr. Harless's actions deviated from the standard of care. Debrow now appeals, asserting that the trial court erred by granting the directed verdict and by denying her motion to bifurcate.

FACTS

¶4. Vollie first visited Dr. Harless in 1994, seeking an examination to determine the extent of his disability from a previous leg injury. This injury caused Vollie daily pain, and many of his visits with Dr. Harless were primarily for pain medication. Debrow testified she occasionally accompanied Vollie on his visits, and at no time did Dr. Harless discuss the need for Vollie to undergo a colonoscopy even though he was over fifty years old. However, Debrow did admit to an addiction to prescription drugs during this period, resulting in no specific recollection of any visits Vollie had with Dr. Harless prior to March 2009.

¶5. Dr. Harless testified that he had spoken to Vollie on several occasions about the need for a colonoscopy but Vollie refused. Due to Vollie's refusal, Dr. Harless never referred

Vollie to a specialist to undergo a colonoscopy.

¶6. Vollie's cancer was discovered in June 2009, and he died on July 17, 2010.

¶7. Debrow's expert, Dr. William Steinmann, testified that Dr. Harless's failure to advise Vollie about the need for colorectal screening was the proximate cause of Vollie's death.

DISCUSSION

1. *Directed Verdict*

¶8. In her first issue on appeal, Debrow argues the trial court erred in granting Dr. Harless's motion for a directed verdict. A motion for a directed verdict challenges the legal sufficiency of the evidence. *Barfield v. State*, 22 So. 3d 1175, 1185 (¶34) (Miss. 2009). The applicable standard of review for a directed verdict is de novo. *Gray v. BellSouth Telecomm. Inc.*, 11 So. 3d 1269, 1271 (¶9) (Miss. Ct. App. 2009). "When deciding whether the granting of a motion for a directed verdict was proper by the lower court, this Court considers the evidence in the light most favorable to the non-moving party and gives that party the benefit of all favorable inferences that may be reasonably drawn from the evidence presented at trial." *Abrams v. Boggs*, 914 So. 2d 738, 740 (¶7) (Miss. Ct. App. 2005) (citing *Munford Inc. v. Fleming*, 597 So. 2d 1282, 1284 (Miss. 1992)). "If the favorable inferences have been reasonably drawn in favor of the non-moving party so as to create a question of fact from which reasonable minds could differ, then the motion for a directed verdict should not be granted and the matter should be given to the jury." *Id*.

¶9. To establish a prima facie case of medical malpractice, the plaintiff must show that

3

(1) the defendant had a duty to conform to a specific standard of conduct for the protection of others against an unreasonable risk of injury; (2) the defendant failed to conform to that required standard; (3) the defendant's breach of duty was a proximate cause of the plaintiff's injury, and; (4) the plaintiff was injured as a result.

*Delta Reg'l Med. Ctr. v. Venton*, 964 So. 2d 500, 504 (¶8) (Miss. 2007) (citation omitted). The "general rule is that the negligence of a physician may be established only by expert medical testimony." *Palmer v. Biloxi Reg'l Med. Ctr.*, 564 So. 2d 1346, 1355 (Miss. 1990). "The success of a plaintiff in establishing a case of medical malpractice rests heavily on the shoulders of the plaintiff's selected medical expert. The expert must articulate an objective standard of care." *Estate of Northrop v. Hutto*, 9 So. 3d 381, 384 (¶10) (Miss. 2009). The expert must "identify and articulate the requisite standard that was not complied with, . . . establish that the failure was the proximate cause, or proximate contributing cause, of the alleged injuries." *McDonald v. Mem'l Hosp.*, 8 So. 3d 175, 180 (¶12) (Miss. 2009) (citing *Barner v. Gorman*, 605 So. 2d 805, 809 (Miss. 1992)).

¶10.    Debrow contends there was a fact question regarding whether Dr. Harless did advise Vollie on the need for a colonoscopy. However, Debrow admits that she did not attend all of Vollie's appointments with Dr. Harless. Dr. Steinmann testified that Dr. Harless breached the standard of care by failing to recommend the colonoscopy and by failing to document that Vollie had refused the recommendation. When asked on cross-examination whether Dr. Harless breached the standard of care if he had discussed the need for a colonoscopy with Vollie, Dr. Steinmann responded, "I don't believe [Dr. Harless] did that." Under further

4

cross-examination, Dr. Steinmann admitted that if Dr. Harless had informed Vollie of the need to undergo a colonoscopy, then Dr. Harless complied with the standard of care. Dr. Steinmann was adamant that Dr. Harless should have documented this refusal by Vollie; however, Dr. Steinmann did not state the failure to document was a violation of the standard of care. Dr. Steinmann explained this in terms of what he would do as a physician, which was his subjective belief. Caselaw is clear that the standard articulated by an expert must be objective, not subjective. *Northrop*, 9 So. 3d at 384 (¶9).

¶11.    There was no evidence to contradict Dr. Harless's statements that he did advise Vollie on several occasions to undergo a colonoscopy, but Vollie refused.

¶12.    Debrow's expert failed to establish an objective standard of care to make a prima facie case of medical malpractice; thus, we affirm the directed verdict in favor of Dr. Harless.

   *2.    Motion to Bifurcate*

¶13.    In her other issue on appeal, Debrow argues the trial court erred in denying her motion to bifurcate the issues of liability and damages to avoid prejudice. Debrow was concerned the jury would hear about her drug addiction as well as physical violence towards Vollie. Debrow also believed bifurcation "would be in the interest of judicial economy" and would "expedite the trial of this matter." The trial court denied the motion, finding that bifurcation "may or may not compromise [Dr. Harless's] ability to put on [his] case the way [he] sees fit."

¶14.    We review a trial court's decision on a motion to bifurcate under our familiar abuse-

5

of-discretion standard. *Burnham v. Stevens*, 734 So. 2d 256, 265 (¶34) (Miss. Ct. App. 1999). Since we have affirmed the trial court's decision to grant Dr. Harless's motion for directed verdict, we do not need to address this issue. Regardless, we can find no abuse of discretion by the trial court in denying Debrow's motion to bifurcate.

¶15. **THE JUDGMENT OF THE LAMAR COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, MAXWELL, FAIR, JAMES AND WILSON, JJ., CONCUR. CARLTON, J., NOT PARTICIPATING.**